## MOORE vs. GARLAND.

1. Where suit was brought on a note which contained a statement that it was given "for value received for a patent-right to the Shellnut Water-Engine for Crawford county, No. 302,167, patented July 15th, 1884 " and pleas of failure of consideration, and want of consideration because there was no assignment of the patent-right made by the defendant to the payee, were filed, it was no sufficient defence to the action to show that the defendant bought this patent-right for Crawford county; that at the time he bought

it, no assignment was made to him; that the payee was only an agent for the Shellnut Water-Engine Company; and that he could not make an assignment of this patent-right. There was no evidence that the defendant was to have a transfer or assignment of the patent-right at the time he gave the note, nor was it shown that he ever tendered the money due on the note to the payee and demanded the assignment; and in the absence of such testimony, the presumption from the note would be that he was entitled to an assignment of the right when he paid the note.

2. Tender of the money to the payee, a demand for the assignment and failure to obtain it would have been a good defence to a suit on the note after its maturity; and even after judgment, such facts would authorize a court of equity to enjoin its collection.

April 21, 1887.

Promissory Notes. Contracts. Consideration. Patents. Before Judge SIMMONS. Crawford Superior Court. September Term, 1886.

Reported in the decision.

LOFTON & MOORE, for plaintiff in error.

TISINGER & TISINGER, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

Garland sued Moore on a promissory note for $100, dated April 8th, 1885, due October 1st, next thereafter. The body of the note shows that it was given "for value received for a patent-right to the Shellnut Water-Engine for Crawford county, No. 302,167, patented July 15th, 1884." To this action Moore pleaded (1) total failure of consideration; (2) that there was no consideration, because there was no assignment of the patent-right made to him by the payee at the time he gave the note.

The plaintiff, on the trial, introduced the note in evidence and rested his case. The defendant was then introduced as a witness, and testified that he bought this patent-right for Crawford county, and that at the time he

bought it, there was no assignment made to him of this patent-right for Crawford county, by the assignee or anybody else; and that the payee of the note was only an agent of the Shellnut Water-Engine Company, and that he could not make an assignment of this patent-right; and he rested his case on that. The court instructed the jury, there being no controversy as to the facts, to find a verdict for the plaintiff. This is excepted to, and is the error assigned here.

We have no complaint to make as to the instructions of the court. The evidence of the defendant was not sufficient to bar the plaintiff's right to recover on this note. There was no testimony on the part of the defendant that he was to have a transfer or an assignment of this patent-right at the time he gave this note; nor did he show that he had ever tendered the money due on the note to the payee and demand this assignment. In the absence of such testimony, the presumption would be from this note that he was entitled to an assignment of this right for Crawford county when he paid the note. He was not entitled to it, according to his own evidence, at the time he signed the note. He might have defended the suit successfully by having tendered the money to the payee and demanded this assignment, and if the assignment was not delivered to him, that would be a good defence to the note after its maturity; and he could yet defend the case, after judgment, by tendering the money and demanding the assignment; and upon the refusal to assign this right, a court of equity would not hesitate to enjoin the collection of the judgment.

For these reasons, we think the court below was right, and judgment is affirmed.