6501, 6502. PRONTAUT *v.* LORICK & COMPANY; and *vice versa.*

RUSSELL, C. J. 1. The note sued on showed upon its face that it was not a subscription to corporate stock, but was an evidence of indebtedness for stock purchased from a person other than the corporation itself.

2. When a sealed note is sued on and the petition nevertheless recites the consideration, it is permissible for the plaintiff to strike, by amendment, the allegation as to consideration. Such an amendment does not change the cause of action.

3. While parol evidence is admissible to show that the consideration of a note or other instrument is different from that expressed in the writing, except when the consideration is promissory or contractual in its nature (in which case a different promise or contract can not be shown), still where a plea admitted that the consideration of the note was the purchase-price of certain shares of the stock of a particular existing corporation (agreeing in that respect with the recital of consideration in the note itself), a portion of the same plea which alleged in general terms, and without such recitals as to show fraud, that the maker of the note was to receive stock in a "building" which was to be erected in future was properly stricken on demurrer.

4. Where a note was given for the purchase-price of certain shares of stock, and there was no agreement as to when the certificates representing the shares were to be delivered, it will be presumed that it was the intention of the parties that they were to be transferred and delivered on payment of the note. If the seller owned, or stood in such position as to be able otherwise to procure the shares, and was ready to deliver them on demand or on payment of the note, it is no defense to an action on the note that the seller did not tender the certificates prior to the maturity of the note. The fact that the value of the shares had fallen in the meantime does not change the rule. *Moore* v. *Garland*, 78 *Ga.* 764 (3 S. E. 654).

5. The provisions of the 19th section of the general insurance act of 1912 (Acts, 1912, p. 129; Park's Ann. Code, § 2440), prohibiting officers and agents of insurance companies from receiving a commission of more than ten per cent. on sales of the capital stock of such companies, refers to sales in which such officers or agents are dealing either directly or indirectly for the insurance company itself, and has no reference to a case where one who happens to be an officer or agent of an insurance company is selling stock belonging to himself or to some person, firm, or corporation to whom the insurance company had previously sold the stock.

6. The result reached upon a consideration of the main bill of exceptions renders consideration of the cross-bill unnecessary, and it will be dismissed.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed*

DECIDED JANUARY 20, 1916.

Complaint; from city court of Richmond county—Judge W. F. Eve.  March 19, 1915.

C. E. Dunbar, for Prontaut.

A. F. Purdy, D. G. Fogarly, contra.