13803, 13804. JOSEPH LIEBLING INCORPORATED *v.* TABB & CO. *et al.;* and *vice versa.*

1. The verdict was not without evidence to sustain it, and therefore must stand.
2. A defense not pleaded may be based on evidence admitted without objection, and the court may charge the jury thereon. *Freeze* v. *White*, 120 *Ga.* 446 (1) (47 S. E. 928); *Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (4) (87 S. E. 1093); *Fletcher* v. *Davis*, 28 *Ga. App.* 205 (2), 206 (110 S. E. 510).
3. The charge of the court was not subject to any of the criticisms urged. For no reason assigned was it error to overrule the motion for a new trial.

DECIDED MARCH 7, 1923.

Complaint; from Early superior court — Judge Worrill. June 30, 1922.

*J. W. Harris, A. H. Gray,* for plaintiff.

*Glessner & Collins,* for defendants.

LUKE, J. C. L. Tabb & Company, a copartnership, were sued on open account for the purchase price of certain furs. They denied owing the account, and pleaded that they had not purchased any goods from the plaintiff. A verdict was rendered for the defendants. The plaintiff excepts to the overruling of a motion for a new trial, based on the usual general grounds and on alleged errors in the charge of the court. By cross-bill of exceptions the defendants also complain of the charge.

The evidence for the plaintiff showed that the goods were sold on open account. The defendants' contention is best shown by the

following extract from the testimony of C. L. Tabb: "The agreement was that I select such furs as I thought we could sell and what he (referring to plaintiff's salesman) stated he thought we could sell, . . and he was to ship the furs selected and we sell what we could of them, and what we could not sell at the end of the season he would furnish us with shipping instructions and return them to the house." There was in evidence a letter of the defendants to the plaintiff which contained the following material extract: "We enclose herewith our check for $426.00, which, together with the furs we have here packed and ready for shipment, balances our account. . . So we now ask you as to whether you will have us ship the furs now on hand to you or to some other place. We say frankly that the matter stands closed, for we have already packed the furs up and only await shipping instructions." From the evidence it appears that shortly after this letter was written the furs were shipped to the plaintiff, but it did not appear how they were shipped. The defendants did not know that the plaintiff ever received them. The only evidence as to whether the goods reached the plaintiff is testimony of Joseph Liebling that "Joseph Liebling Incorporated have not accepted back any part of the goods about which this suit is pending." There was abundant evidence for the plaintiff that its salesman had no authority except to take orders subject to its approval. The salesman himself testified that he had only such authority, and, further, that he had no authority to make contracts, that he did not in fact tell defendants that the unsold furs could be returned, and that he merely took the order and sent it to his house.

The first excerpt from the charge objected to is substantially as follows: that if the salesman made such a contract with the defendants as they claim, and was without authority to do so, yet if the defendants wrote to the plaintiff a letter informing it of such contract, and sent to the plaintiff a check to cover the amount of sales made under such arrangement, and notified the plaintiff that the check covered the sales made by them, and further notified the plaintiff that the check covered the amount of goods sold, and that the defendants were prepared to ship back the unsold furs on hand, "and that they did so for the purpose of making a full settlement of such liability as they had incurred with the plain-

tiff under the alleged contract made with Mr. G. A. Fuller, the salesman of plaintiff," and notice was given to the plaintiff of the defendants' intention of shipping back the unsold furs, and that such furs would be returned, and that it was for the purpose of settling all of their liability, and the plaintiff accepted and retained the check, the plaintiff would be bound by the contract. The court further charged in this connection that if the plaintiff kept and collected the check, that would amount to a ratification of the settlement offered by the defendant, and that "if plaintiff ratified such transaction as defendants set up, by keeping and collecting the check, then it would be your duty to return a verdict in favor of the defendants." Since there was evidence to sustain this charge, there was no merit in the objection that it was not warranted by the pleadings. Neither was the court's charge objectionable for the alleged reason that, without warrant of evidence, it charged as to an accord and satisfaction or for the reason that there was no evidence that the accord was executed, or because "the court charged the jury, in effect, that part performance on the part of defendants of an accord, and an offer of complete performance, would relieve the defendants of liability:" Clearly the court's charge was not based upon the idea of any new agreement, but rather upon the theory that if the plaintiff's agent made an unauthorized contract with the defendants, and the plaintiff, after being apprised of it by defendants, acted upon it in part, such conduct ratified the contract as a whole, and the plaintiff was bound by the *original contract* so ratified.

Very briefly stated, the next excerpt from the charge complained of is substantially as follows: that if the check was sent to cover the amount of sales made under "such an agreement," and the defendants were so notified, and that they were prepared to return the unsold furs, and that they did so for the purpose of making a full settlement of their liability "under their alleged contract made with . . the salesman of plaintiff," and notice was given the plaintiff of their intention to ship back the unsold furs, and the plaintiff accepted the check and retained it, the plaintiff would be bound by it. This charge was not susceptible to the objection that there was no evidence that the check was tendered coupled with the condition that plaintiff should not retain it unless it would also accept the furs. Nor was the

charge error because the evidence demanded a finding that the check was tendered in payment of the amount admitted to be due; or because there was no evidence that the furs were ever delivered or tendered to the plaintiff. The criticism of this portion of the charge, based on the theory that the court charged the law as to an accord and satisfaction, has been already discussed. The charge was not unsound for the alleged reason that there was no contention by the defendants that they did not owe for the goods sold, and the check was sent to pay for goods which defendants admitted they had gotten, and that the only controversy was with reference to the right of the defendants to return the unsold goods.

There was evidence to sustain the verdict, and the charge was not subject to any of the criticisms made. There being an affirmance of the judgment, it is unnecessary to consider the cross-bill of exceptions.

*Judgment on the main bill of exceptions affirmed; cross-bill of exceptions dismissed. Broyles, C. J., and Bloodworth, J., concur.*