15444, 15445.    KISER *v.* WESTBROOK; and *vice versa.*

JENKINS, P. J. This was a suit by the holder on a promissory note given by the defendant to a corporation, in pursuance of a written subscription for its corporate stock. The law relating to the special rights of a bona fide holder for value of a negotiable instrument is not invoked, and no such question is involved. The defendant sought to plead: (1) that the promoter of the corporation induced the signing of the stock subscription by orally promising and agreeing that he would see that the defendant was made president of the corporation, at a named salary; and (2) that the note was without consideration, because the certificate of stock had never been delivered. The court, on demurrer, struck the first ground of defense; and upon the remaining issue made by the plea the jury found in favor of the plaintiff. By the original plea it was alleged that the charter had never been obtained, but this allegation was nullified by amendment. No allegation or contention that the corporation was being illegally operated as such is set forth by the original plea or the amendment. *Held:*

1. The contention made in the brief of counsel for the plaintiff in error, relative to the testimony going to show that the corporation was operated illegally, is without merit, since no such defense was made by the plea; and it is the general rule that "a defendant is not entitled to the benefit of any defense which should be made by answer and as to which his answer is silent." *Harrell* v. *Blount,* 112 *Ga.* 711 (2) (38 S. E. 56). While it is true that "a defense not pleaded may be based on evidence admitted without objection, and the court may charge the jury thereon." (*Joseph Liebling Inc.* v. *Tabb,* 30 *Ga. App.* 38 (2), 116 S. E. 666), still in this case, if it be assumed that testimony was admitted along the line indicated, the charge of the court was limited to the defense made by the plea, and it does not even appear that any request was made to charge upon any ground of defense not covered thereby.

2. "Where promoters enter into a secret collateral agreement with a person to induce him to subscribe for stock of a corporation to be formed, the breach of such agreement will not release the subscriber from his liability to the corporation." *National Bank of Union Point* v. *Amoss,* 144 *Ga.* 425 (3) (87 S. E. 406, Ann. Cas. 1917A, 74).

3. "Where a note was given for the purchase-price of certain shares of stock, and there was no agreement as to when the certificates representing the shares were to be delivered, it will be presumed that it was the intention of the parties that they were to be transferred and delivered on payment of the note. If the seller owned the shares or stood in such

position as to be able otherwise to procure them, and was ready to deliver them on demand or on payment of the note, it is no defense to an action on the note that the seller did not tender the certificates prior to the maturity of the note. The fact that the value of the shares had fallen in the meantime does not change the rule." *Prontaut* v. *Lorick,* 17 *Ga. App.* 495 (4) (87 S. E. 716).

*Judgment affirmed; cross-bill of exceptions dismissed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1924.

Complaint; from city court of Fairburn—Judge McGraw presiding. December 14, 1923.

*J. F. Golightly,* for Kiser. *Lawrence S. Camp,* contra.