15834.  GUGGENHEIMER & COMPANY INCORPORATED, for use, etc.

*v.* LEVINSON.

JENKINS, P. J. 1. "In special agencies for a particular purpose persons dealing with the agent should examine his authority." Civil Code (1910), § 3595. In the instant case the person whom the defendant purchaser dealt with as the "representative" or "attorney" of the plaintiff vendor was not shown to have been clothed with any sort of authority to enter upon the alleged contract of accord and satisfaction, and consequently, under the evidence disclosed by the record, such an agreement could not be taken as having had any original binding authority upon the plaintiff vendor. The defendant, in whose favor a verdict was rendered, appears to rely only upon the principle of ratification.

2. Since the plaintiff not only denied that the unauthorized agreement had ever been reported or ratified, but also denied that it was ever in fact made, the court properly submitted to the jury the latter disputed question, but should have also submitted the other issue as to whether the unauthorized agreement of accord and satisfaction, if made, was ratified by the plaintiff. Both of these questions being in dispute, both should have been submitted to the jury, since, in order for the defendant to prevail, both issues would have to be determined in his favor. See *Joseph Liebling Inc.* v. *Tabb,* 30 *Ga. App.* 38, 40 (116 S. E. 666); *Riley* v. *London Guaranty Co.,* 27 *Ga. App.* 686 (109 S. E. 676).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 15, 1925.

Complaint; from Pulaski superior court—Judge Graham. June 9, 1924.

*J. H. Milner,* for plaintiff.

*H. E. Coates, Lawson & Ware,* for defendant.