## 18914.   GARDNER *v.* FLEETWOOD.

JENKINS, P. J.   Where the defendant in a suit on a promissory note for $244.96 filed on oath a plea of non est factum, denying that he had ever "executed any note for $244.96 to the plaintiff," and alleging that "it is not his obligation, and was never signed by him or by any person authorized to sign for him," the issue made by the plea was confined to the question whether or not the instrument sued on was actually signed by or for the defendant, and the plea did not raise the defense that, although signed by the defendant, the instrument was not signed by him in the shape then subsisting. Civil Code (1910), § 4295. On the trial of such a suit, where the defendant did not deny that the note was "signed by him," but, on the contrary, admitted the execution of the instrument, and introduced evidence, admitted without objection, for the purpose of avoiding liability by showing that after its execution the note had suffered a material alteration at the hands of the plaintiff, the court might perhaps have been authorized, on its own motion, to charge the provisions of section 4296 of the Civil Code, relative to an intentional, material, and fraudulent alteration of a written instrument by a person claiming a benefit under it, inasmuch as the plea might have been amended to authorize the testimony which was in fact admitted without objection (*Napier* v. *Strong,* 19 *Ga. App.* 401 (2), 91 S. E. 579); but where "the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial." *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985; *Cowan* v. *Bank of Baconton,* 21 *Ga. App.* 645 (2) (94 S. E. 808); *Joseph Liebling Inc.* v. *Tabb,* 30 *Ga. App.* 39 (2) (116 S. E. 666).

In the instant case it appears that the court fully and fairly stated the contention of the defendant as made by his plea, going even further than was thus required, by charging in effect that it was an issue as to whether or not the note sued on was the defendant's obligation, and that the defendant contended it was not his obligation, for the reason

that it was different in amount from any note he had executed to the plaintiff. Consequently, a new trial will not be granted because the court failed, in the absence of any request, to charge otherwise and more fully the law with reference to material alterations of written instruments, as provided by section 4296 of the Civil Code. See, in this connection, *Jones* v. *Bank of Powder Springs*, 31 *Ga. App.* 263 (2) (120 S. E. 422), and cases cited.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*John M. Greer,* for plaintiff in error.
*J. J. Bull & Son,* contra.