GEORGE W. HASS, plaintiff in error, *vs.* SARAH E. GARD-
NER, defendant in error.

In a proceeding to eject an intruder from the possession of land, under
the 4,000th section of the Revised Code, if the defendant fails *at once* to
tender to the sheriff such an affidavit as is required thereby, he will be
turned out; he will not be allowed to tender a *defective* affidavit, retain
possession under that, and when it is decided against him, tender
another affidavit in terms of the law, to protect his possession.

Proceeding to remove intruder on land.    Decided by
Judge CLARK.    Terrell Superior Court.    May Term, 1867.

Sarah E. Gardner, for herself and others, made and deliv-
ered to the sheriff the affidavit required by law to remove
Hass from certain lands.    Hass filed a counter affidavit.    At
May Term, 1866, upon motion, the Court held his affidavit
insufficient in law, upon the ground that the word *legal* did
not appear in it, and ordered the sheriff to eject Hass and
give Sarah E. Gardner possession of the land.    Before this
order was executed, but while the sheriff was about to exe-
cute it, Hass tendered the sheriff another counter affidavit.

The sheriff returned the papers to May Term, 1867, and
again, on motion made, the Court held that the sheriff ought
not to have received said second affidavit, and ordered him to
carry out his said order.

This last order is assigned for error.

C. B. WOOTTEN, for plaintiff in error.

A. HOOD, representing HARPER, for defendant in error.

WARNER, C. J.

This was a proceeding under the 4,000th section of the
Revised Code, to eject an intruder from the possession of
land.    The defendant filed a counter affidavit, and the pro-
ceedings were returned by the sheriff to the next Superior
Court.    At the May Term of the Court, 1866, the plaintiff
demurred to the defendant's affidavit, upon the ground that
the word *legal* was not in it, the defendant swearing, " that

he does in good faith claim *a right* to the possession of said land," instead of swearing that he does in good faith claim a *legal* right to the possession of said land, as the law required him to do.   The Court dismissed the defendant's affidavit, and ordered the sheriff to eject the defendant from the premises and put the plaintiff in possession thereof.   When the sheriff went to execute this order of the Court, the defendant tendered to the sheriff another affidavit in legal form, which was received and returned to the May Term of the Court, 1867.   The Court decided that the sheriff had no right to take the second affidavit, and ordered him to put the defendant in possession of the premises, as directed by the first order,—to which decision the defendant excepted, and assigns error therefor.  The proceeding to eject intruders was intended to be a speedy and summary process—the defendant is to be turned out of possession, unless he "shall *at once* tender to the sheriff a counter affidavit, stating that he does in good faith claim a *legal* right to the possession of said land."   To allow the party in possession of land as a *mere intruder,* to retain possession by making defective affidavits, would be to defeat the sole object of the statute.   The record in this case shows that the defendant retained his possession twelve months at least.   Under this section of the Code, when the defendant, in a proceeding against him as an *intruder,* desires to retain his possession, he must *at once* make such an affidavit as the law requires, or he will be *turned out,*—he will not be allowed to retain possession of the premises under a defective affidavit, and then to file another and *still retain possession.* There was no error in the judgment of the Court below in this case.

Let the judgment of the Court below be affirmed.