S. H. MITCHELL, plaintiff in error, *vs.* JULIA HAY, defendant in error.

Where a City Marshal had levied upon the property of the husband for taxes, and the wife claimed the same as being exempt from levy and sale, under the insolvent laws of this State, and the Marshal refused to leave the property in the possession of the claimant, although bond and security had been given for the forthcoming of the property by the claimant :

*Held*, that as the property levied on consisted mainly of household and kitchen furniture, necessary for the immediate use of the family, the Marshal might be compelled by *mandamus*, to perform his official duty and restore the property to the possession of the claimant.

*Mandamus.*   Decided by Judge VASON.   Sumter county. Chambers.   April, 1868.

Mitchell, as Marshal of Americus, levied two tax *fi. fas.* against George M. Hay, on the household and kitchen furniture of said George M., and on his bar-room and cooking-saloon fixtures.

Julia, wife of George M, claimed the household and kitchen furniture as hers, and not subject to said *fi. fas.*, and gave to the Mayor and Council of Americus, plaintiff, in *fi. fa.*, bond and security for the forthcoming of said claimed property, and bond and security for the eventual condemnation money and costs.   The marshal refused to give her the property claimed.   Thereupon in her own right and in right of her three minor children, she showed by petition, that her husband was insolvent; that she had had this claimed property assigned to her and her children, and recorded according to law; that the marshal had refused, on her said bonds, to deliver said goods to her, and prayed that *mandamus* should issue commanding him to do so.

The Court ordered him to turn over to her the property, or show cause to the contrary, etc.   In his answer he denied only George M. Hay's insolvency, insisting that he had choses in action and money concealed.   The Court, after hearing the parties, ordered the marshal to deliver the claimed property to her upon her attaching to the claim bond

a correct schedule of the same. She did so, and yet the marshal refused to comply, and sued out a writ of error to this Court, and superceded the judgment below. Upon this being brought to the notice of the Court, he ordered the sheriff to seize the property and deliver it to said claimant. All this was done in Chambers, but without objection on that account. The order requiring the property delivered to her is, by the marshal assigned as error.

McCay, Goode, Brown, for plaintiff in error.

Hawkins, Lyon, for defendant in error.

Warner, C. J.

The only question involved in this case is, whether the Court below did right in directing the City Marshal to deliver the property levied on, to Mrs. Hay, the claimant, by *mandamus.* She had the right to claim this property as the wife of her insolvent husband, according to the 2014 section of the Code, and having claimed it and given bond and security for its forthcoming, it was the duty of the City Marshal, in the language of the Code, to leave the property in the possession of the claimant. Section 3680. It was insisted on the argument in this Court (though the question does not appear to have been made and decided in the Court below,) that *mandamus* was not the proper remedy, inasmuch as the officer might be sued as a tresspasser. By 3142d section of the Code it is declared, that "All official duties should be faithfully fulfilled, and whenever, from any cause, a defect of legal justice would ensue from a failure, or improper fulfillment, the writ of *mandamus* may issue to compel a due performance, if there be no other *specific legal remedy* for the legal rights." The 2019 section of the Code declares that any officer *knowingly*, shall levy on, or sell any property exempt under the insolvent law, where a schedule thereof has been returned as required, he will be guilty of trespass, and suit may be brought therefor. But the complaint against the marshal here, is not for levying on, or selling the prop-

erty, but the complaint is, that he will not fulfill and perform his official duty as required by law, by leaving the property claimed in the possession of the claimant, who has given bond and security for its forthcoming. What specific legal remedy this woman had to compel the City Marshal to leave the property levied on in her possession, so indispensably necessary for her daily use, and that of her children, is not very apparent to us. It was his official duty to have left it in her possession, and in our judgment, there was no error in the Court below in requiring him to perform that official duty by *mandamus,* under the statement of the facts, as presented in the record. Let the judgment of the Court below be affirmed.