EPPINGER & RUSSELL *vs.* HABERSHAM.

A defendant in a distress warrant cannot, after one counter-affidavit has been dismissed, file a second one.

Distress warrant. Practice in the Superior Court. Before Judge MERSHON. Glynn Superior Court. May Term, 1879.

Reported in the opinion.

GOODYEAR & HARRIS, for plaintiffs in error.

MABRY & CROVATT, for defendant.

WARNER, Chief Justice.

Habersham sued out a distress warrant for rent against Eppinger & Russell, which was levied on certain described property. The defendants filed a counter-affidavit, and when the case was called for trial, the plaintiff made a motion to dismiss the defendants' counter-affidavit, not on the ground that it was defective, but on the ground that they had previously filed a counter-affidavit in the same case, and which had been dismissed at a former term of the court. The defendants then immediately thereafter, made a motion to dismiss the plaintiff's distress warrant, and insisted that the court should first hear and decide their motion. The court heard the plaintiffs' motion first, and sustained it, but declined to hear the motion of defendants. Whereupon the defendants excepted.

We are not aware that this court has ever expressly decided that a second counter-affidavit could not be filed to a distress warrant for rent, but this court has decided that a second counter-affidavit to a warrant for the ejection of an intruder could not be filed, and the same principle is applicable to distress-warrants for rent. See 36 *Ga.*, 477, and other cases. If the motion to dismiss the defendant's counter-affidavit had been predicated alone upon a demurrer to the sufficiency of it, the court could not have looked to any evidence other than that which appeared on the face of the affidavit, but in this case the entire record of the prior proceeding had in the case was before the court, as appears from the bill of exceptions, and when it appeared therefrom, that a previous affidavit to the same warrant and levy thereof had been adjudicated adversely to the defendants, there was no error in dismissing the second affidavit. 2 Kelly's Rep., 367; 61 *Ga.*, 199.

Let the judgment of the court below be affirmed.