## TOOMER *vs.* MANN.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

To authorize a tenant whose goods are distrained to make an issue that the rent is not due, and have it returned to the court having cognizance thereof by the levying officer for trial, under §4083 of the Code, it is essential that he replevy the goods by giving security, as well as making oath as is therein required. A delivery of the goods to the levying officer for private sale by him is no such compliance with the requisitions of the statute as to empower the officer to return the papers for trial or the court to try the issue.

Distress warrant. Pleadings. Before Judge SIMMONS. Houston Superior Court. May Term, 1879.

Reported in the opinion.

B. M. DAVIS; WARREN & GRICE, for plaintiff in error.

DUNCAN & MILLER, for defendant.

JACKSON, Justice.

The single question made in the record is, whether the tenant can make up an issue by affidavit without giving security to be returned to court for trial under §4083 of the Code, when his property is distrained. In this case he turned over the property to the levying officer and gave that in lieu of security, and the officer sold it at private sale, and then returned the papers for trial; was that sufficient to give the court power to try the issue thereupon made? The superior court thought not, and dismissed the proceeding; the county court had allowed the bond and security given at court, but, on appeal, the superior court reversed that judgment. We think that the superior court was right in dismissing the proceeding.

Section 4083 of the Code is the only statute which permits

such an issue to be made and tried. It read as follows: "The party distrained may, in all cases, replevy the property so distrained by making oath that the sum or some part thereof distrained for is not due, and give security for the eventual condemnation money; and *in such case* the levying officer shall return the same to the court having cognizance thereof which shall be tried by a jury as provided for in the trial of claims."

It thus appears from the law which gives the remedy and jurisdiction to try the cause that the party must *replevy* and *give security for the eventual condemnation money* as well as take the oath, before the officer is authorized to return the papers and the court to try the issue.

This tenant did not replevy or try to replevy; so that the law was not complied with in that particular. Nor did he give the security required by law. That necessarily means security other than the property levied on; for it is given to replevy that property. So that it cannot mean that giving up the property will answer the end required. In this case the property was enough to pay the debt; but such might not be the case. It is better to have a rule applicable to all cases. The statute so reads—its letter and spirit agree; and we affirm the judgment of the superior court, because the case made did not empower the court to try the case. There was no option but to dismiss it.

Judgment affirmed.