## HUCKABY vs. BROOKS.

Where a distress warrant had been sued out and levied on personalty, and subsequently the plaintiff made an affidavit to the effect that the property levied on was not exempt from levy and sale under the homestead and exemption laws, and thereupon the defendant, without filing any affidavit denying the indebtedness or giving bond, made an affidavit that the property was exempt from levy and sale, it was properly dismissed on motion. A counter-affidavit resisting a distress warrant can be filed only by alleging that the debt, or some part of it, is not due, and giving security for the eventual condemnation money. Section 2028 *et seq.* of the Code, in respect to the mode of arresting the levy of an execution on homesteads and exemptions by counter-affidavit, does not apply to the mode of arresting and stopping the process of distraints for rent. To set up title to property as an exemption or homestead against them, the proper proceeding is by claim, not by counter-affidavit.

December 15, 1885.

Distress Warrant. Homestead. Claim. Before Judge STEWART. Upson Superior Court. July Term. 1885.

Reported in the decision.

ALLEN & TISINGER, for plaintiff in error.

B. D. HARDAWAY, by M. H. SANDWICH, for defendant.

JACKSON, Chief Justice.

Brooks sued out a distress warrant against Huckaby for rent due on a house and lot, and the same was levied upon

a horse and buggy on the 2d of December, 1884, the same day on which the warrant was issued. No counter-affidavit was made under the law providing for the issue of such distress warrants for rents, which is to be found in sections 4082, 4083 and 4084 of the Code, no bond and security having been given under section 4083. On the next day, however, to-wit, on the 3d of December, after the levy, the plaintiff made another affidavit, to the effect that the property levied on was not exempt from levy and sale under the homestead and exemption laws, as provided in section 2028 and 2029 of the Code, to which latter affidavit a counter-affidavit was made, which sets out the fact of the distress warrant and levy, and the affidavit that the horse and buggy are not exempt, which counter-affidavit is in terms of the proviso to section 2028, and asserts that the horse and buggy are exempt by reason of their having been set apart. Whereupon, on the return of the papers to court, the plaintiff moved to dismiss the counter-affidavit, because no bond and security and affidavit that the rent, or part of it, was not due had been made. The court sustained the motion and dismissed the counter-affidavit, and this judgment is the error assigned.

The law in respect to the right of landlords to distrain for rent is very stringent, and the execution of the writ, or order of the magistrate to seize and sell to collect rent, can be arrested by counter-affidavit only in one way. The tenant must swear that he does not owe the rent, or some part, because not due, and give bond and security for the eventual condemnation money. 42 *Ga.*, 179; 63 *Id.*, 519, 735.

The statute codified in section 2028 *et seq.* of our Code, in respect to the mode of arresting the levying officer of executions levied on homesteads and exemptions by counter-affidavits, under that statute, where the plaintiff swears that the debt upon which such execution is founded is one from which the property levied on is not exempt, does not apply to the mode of arresting and stopping the

process of distraints for rent. It applies, by its terms, only to defendants in execution on judgments, who have homesteads set apart; and not to tenants who owe rent, and whose property is distrained to pay it. If any property, not subject by reason of being set apart as homestead and exemption, be levied on, the remedy is by claim, if the head of the family would assert the title of his household thereto, under section 4084 of the Code. By this mode of contest, he may escape the requirement of bond and security by affidavit of inability, on account of poverty, under Code, §3773, which provides for claims *in forma pauperis.*

But if the property be not claimed by a person other than the tenant, or by the tenant in right of his family by virtue of homestead and exemption, and the tenant wishes to stop the distraint, there is but the one mode, to-wit, that enacted in section 4083 *et seq.* of the Code, and this he must follow, and secure the eventual condemnation money, or his counter-affidavit will be dismissed.

Judgment affirmed.