BURCKHALTER *v.* O'CONNOR, sheriff, *et al.*

'The court of ordinary has no jurisdiction or authority to compel a sheriff who has sold land under an execution, though the same has been issued from that court, to make to the purchaser a deed to the property. Strictly speaking, the latter's remedy would be by mandamus; but in practice, a petition to the superior court in the nature of an application for a mandamus, followed by other appropriate proceedings, would be sufficient.

Argued January 22,—Decided March 4, 1897.

Appeal. Before Judge Callaway. Richmond superior court. April term, 1896.

*Salem Dutcher*, for plaintiff.
*J. R. Lamar*, for defendants.

LUMPKIN, Presiding Justice.

This case depends upon a single question, viz: whether or not the court of ordinary has jurisdiction to compel a sheriff who has sold land under an execution issuing from that court to make to the purchaser a deed to the property. It cannot be denied that the sheriff is, in many respects, an officer of that court; and it is certainly true that any court must necessarily have the inherent power of compelling its officers to obey and execute its processes. For a failure to make the money upon an execution issued by it, we think the court of ordinary could undoubtedly proceed against the sheriff by rule; but while it is generally the duty of a sheriff who sells land to make a deed to the purchaser, this duty is merely incidental, and the performance of it is not in terms commanded by an execution issued in the usual form, as in the present case. We confess that the question in hand is not entirely free from difficulty, but we think the safer and better view to take of it is that announced in the head-note. If the power in question belongs to the court of ordinary, it would follow that city courts, county courts, and even justices' courts, could compel sheriffs to make deeds in all cases where they have sold realty under executions

issuing, respectively, from such courts, and this would certainly be carrying the matter to a great extent.

We can find no legislative enactment which seems to even contemplate such a state of things, and are of the opinion that the disposition of such controversies had better be left exclusively to the superior court. In that court, strictly speaking, the proper remedy would be by mandamus; but a petition in the nature of such an application, followed by other appropriate proceedings, is, under the practice prevailing in this State, to all intents and purposes practically sufficient.

*Judgment affirmed. All the Justices concurring.*