## FEAGIN *v.* McCOWEN & TAYLOR.

A distress warrant issued upon an affidavit alleging that the rent distrained for " is now due and unpaid " is sufficiently met by a counter-affidavit alleging that " the sum distrained for under the warrant issued . . was not due at the time of issuing said warrant ; " and in the absence of a demurrer to such counter-affidavit, specially presenting the point that it embraced no general denial of indebtedness for rent, any competent evidence tending to show that no such indebtedness actually existed is admissible in behalf of the defendant.

Submitted March 1, — Decided April 25, 1902.

Appeal. Before Judge Felton. Bibb superior court. June 12, 1901.

*F. R. Jones*, for plaintiff.
*Hardeman, Davis, Turner & Jones*, for defendants.

LUMPKIN, P. J. A distress warrant in favor of Feagin was issued against McCowen & Taylor. It was met by a counter-affidavit, in which it was averred "that the sum distrained for under the warrant issued . . was not due at the time of issuing said warrant." There was a verdict for the defendants, and the plaintiff is here upon a bill of exceptions assigning error upon the overruling of a motion for a new trial. In this motion complaint is made of divers rulings of the court in admitting testimony and in charging the jury. The several assignments of error, however, really present but two questions, viz., (1) whether or not, under the counter-affidavit, it was the right of the defendants to show by evidence that

they were not indebted to the plaintiff in any sum whatever for rent; and (2) whether or not the defendants' counter-affidavit was comprehensive enough to admit proof of damages to the defendants, resulting from a breach by the plaintiff of the contract of rental, of which the defendants could avail themselves for the purpose of defeating the plaintiff's claim for rent. Both of these questions are disposed of by the ruling announced in the headnote.

With regard to the first point, the contention of counsel for the plaintiff in error is, that, under the terms of the counter-affidavit, the defendants were restricted to showing merely that the distress warrant was sued out before the rent distrained for became due. Even upon the assumption that the counter-affidavit should be thus regarded, it is, we think, none the less true that the defendants had the right to show by proof that the plaintiff had against them no just demand for rent. If the rent claimed and distrained for was not due when the warrant was issued, the plaintiff was certainly not entitled to proceed; for under the Civil Code, §3124, the landlord can not distrain for rent "before due," unless "the tenant is seeking to remove his goods from the premises." There was, in the affidavit made in the present case for the purpose of obtaining the distress warrant, no averment that the defendants were seeking to remove their goods from the premises occupied by them as tenants. If, therefore, the counter-affidavit be treated as merely setting up the defense that the distress warrant was prematurely sued out, it was surely the right of the defendants to establish this defense by any competent testimony. The allegation that the sum distrained for "was not due at the time of issuing said warrant" would certainly stand proved if the defendants were able to show that they did not, on the day when the warrant was issued, owe the plaintiff any sum whatever for rent. An alleged indebtedness which did not exist at all could not be "due" on a given day or any other day. We therefore think that, granting that the construction placed upon the counter-affidavit by counsel for the plaintiff was correct, there was no error, either in admitting the evidence referred to above, or in giving to the jury appropriate instructions in reference thereto. We do not, however, mean to rule that the counter-affidavit should be given this restricted meaning. The plaintiff's affidavit, which was dated December 12, 1900, concluded with the averment "that the said rent is now due and un-

paid." The distress-warrant was issued on the same day. To the plaintiff's affidavit the counter-affidavit, which was dated December 17, 1900, responded that the sum distrained for "was not due at the time of issuing said warrant." It would certainly not, in view of these pleadings, be straining to hold that the counter-affidavit squarely presented the issue that the defendants were not indebted at all to the plaintiff for rent. But be this as it may, it can not be doubted that, under the first view of the counter-affidavit presented above, the defendants set forth an issuable defense which they were entitled to sustain by evidence.

As to the second contention of counsel for the plaintiff in error, it is only necessary to cite the case of *Hawkins* v. *Collier*, 101 *Ga.* 145, in which it was held that the defendant in a distress warrant might, with or without making special allegations by way of amplifying and explaining a general denial that rent was due, support his defense by competent evidence. See the cases cited on page 148. If the counter-affidavit in the present case, by reason of the fact that it was not in the precise form of the statute, did not admit of the introduction of the evidence objected to, the reply is that its legal sufficiency in this respect was not challenged by demurrer.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*