## MALLARD v. CURRAN et al.

1. A borrower of money executed a deed of trust to secure the payment of the debt, and subsequently died before the debt was paid. The holder of the loan deed consented for the administrator to sell the fee-simple title to the land at public outcry, and this consent was made public by the auctioneer at the time the land was exposed for sale. The administrator had previously been granted leave by the ordinary to sell the land. The property was put up and after considerable bidding was knocked off to the plaintiff at a sum stated. Afterwards, though the purchase-price was tendered by the plaintiff, the tender being a continuous one, the administrator refused to make a deed to the land, but prepared to have it resold. *Held*, that the purchaser at the administrator's sale could maintain an action to require the administrator to make her a deed, and to compel the holder of the loan deed to cancel his evidence of indebtedness.

2. Under the allegations of the petition, the expenses of the litigation were not recoverable.

Argued June 21, — Decided August 5, 1905.

Equitable petition. Before Judge Lumpkin. Fulton superior court. August 2, 1904.

The case made by the petition is substantially as follows: Mrs. Annie Curran died intestate, the owner of described realty in the city of Atlanta. She had previously executed to named persons, as trustees of the Penn Mutual Life Insurance Company, a non-resident corporation having an office and agent in Atlanta, a trust deed to the property to secure a loan of $3,700. Upon the death of Mrs. Curran, Michael Curran was appointed her administrator; and at the September term, 1903, of the court of ordinary of Fulton county he was granted leave to sell the property heretofore mentioned, and thereupon proceeded to advertise it for sale on the first Tuesday in October, 1903. The administrator, through his agent, arranged with agents of the Penn Mutual Life Insurance Company "to sell said property free from said loan, and said corporation, through its said agents, agreed that it would

accept payment of the debt, with interest to the date of payment in full of the amount of said loan, said money to be paid out of the proceeds of said sale, to which agreement said Michael Curran assented, and in the advertisement which he published of said administrator's sale he advertised for sale as administrator the fee-simple interest in said property." On the day fixed for the sale, within the legal hours, and at the court-house door, the property was exposed for sale by the administrator through his auctioneer. The auctioneer, who was the agent of the administrator, made public announcement at the time the property was exposed for sale, in clear and unequivocal terms and in the presence and hearing of the administrator, "that the property would be sold free from the lien of the debt due the corporation above referred to, and that the purchaser would get a fee-simple title from said administrator, the loan deed above referred to to be paid by the administrator out of the proceeds of said sale, and the purchaser to get for the amount of his bid a title free of the claim of said loan deed." The auctioneer then invited bids, and the property was finally knocked off to the plaintiff, for $4,200, the highest bid. Shortly thereafter the administrator, without warrant or authority, stated that he would not comply with the terms of the sale, and that he would not make the plaintiff a deed to the property. Nevertheless the plaintiff made a tender of $4,200, the amount of the bid, to the administrator, which was a continuing one, and which he has refused to accept; and she tendered the money into court. The administrator is again advertising the property for sale, and will 'sell it unless restrained by the court. The reasonable rental value of the property is $50 per month. The administrator is in possession of the property and refuses to deliver possession to the plaintiff. If he is allowed to sell the property as he is attempting to do, no title will pass to the purchaser, but a cloud will be created on the plaintiff's title, which she alleges vested in her upon the acceptance of her bid by the auctioneer. Curran, individually and as administrator, has acted in bad faith, and has put the plaintiff to unnecessary trouble and expense; and she is entitled to a judgment against him for $750 on that account. The prayers of the petition were: that the administrator, the trustee for the insurance company, and the company itself be made parties defendant, and that process issue

directed to each; that the administrator be enjoined from interfering with the title to the property, and from making or attempting to make any further sale thereof; that the administrator be required to make title to the property to the plaintiff, in compliance with the terms of the sale; that the administrator be required to pay to the insurance company, out of the fund tendered in court, the amount of the principal, interest, and charges due on its loan, and that the insurance company be then required to execute a quitclaim conveyance of the property, or legal cancellation of its loan papers; for judgment against Curran, as administrator and individually, for $750 costs and damages as set out in the petition.

To this petition Curran, the administrator, demurred generally, and on the grounds: that the petition does not set out the terms of the sale as to the time of paying the purchase-price, nor does it allege the time when the tender was made; that it does not show that the plaintiff insisted on her bid or made known to the administrator any objection to withdrawing the property from sale and advertising it for sale on another and later day; that the petition is bad for misjoinder of parties defendant, in that it prays for a judgment against Curran for damages individually in an action against him as administrator, and in that it joins three other defendants, who are strangers to the administration, to give effect to an alleged administrator's sale of land; that the petition is multifarious; and that damages are not recoverable under the facts alleged, the particular items of damage are not shown, and there is a misjoinder of a claim for damages against Curran individually and as administrator. The court, after argument, ordered that the demurrer be sustained and the petition dismissed, and the plaintiff excepted.

*John L. Hopkins & Sons,* for plaintiff.

*Henry Walker* and *DuBignon & Alston,* for defendants.

CANDLER, J. (After stating the foregoing facts.) While no express ruling was made by the trial judge on the separate grounds of demurrer, it follows from the fact that the petition was dismissed at the plaintiff's cost that the general demurrer was sustained, and we turn our attention first to the question whether the petition set out a cause of action.

1. There can be no doubt that where there is in the vendor

power to make a sale of real estate at auction, a contract of purchase and sale is completed upon the fall of the auctioneer's hammer and the acceptance of the bid. Either party to the contract may then enforce performance by the other, or sue for damages on account of non-performance. 3 Am. & Eng. Enc. L. (2d ed.) 501; *Tillman* v. *Dunman*, 114 *Ga.* 409. Of course the court will not require an administrator to do an unlawful or unauthorized act; so the issue narrows down to the single question whether or not the administrator had power and authority, under the allegations of the petition, to advertise and sell at public outcry the fee-simple title in the property of his decedent. It goes without saying that a man can not sell that which he does not own; and. as the administrator in the present case did not own the fee to the property but had only an equity of redemption therein, it might seem at first blush that he was without authority to convey anything more than that equity. It is to be borne in mind, however, that the insurance company, by its trustees, together with the administrator, did own the entire interest; and we know of no legal reason why the united action of all the parties concerned might not operate to convey the fee-simple title. The insurance company is not a party to this demurrer, and has not been heard so far to object to the consummation of the sale upon which the plaintiff insists. According to the petition, full power was given by it to the administrator to sell its entire interest in the land. Certainly, there can be no objection to its taking this method of obtaining payment of its debt in preference to the institution of foreclosure proceedings. This agreement by it was not kept secret from the public, thus injuring the chances of bidding by those who did not desire to purchase property with an incumbrance; but it was made known, by public announcement at the time of the auction, that the purchaser would get a fee-simple title clear of all incumbrances. This, then, was tantamount to authority granted by it to the administrator to sell its interest in the property along with his own. A case closely in point is that of *Thompson* v. *Atwater*, 84 *Ga.* 270, where it was held: "Where a vendor sells land, and the vendee pays a part of the purchase-money and then dies, the only interest which his administrator can sell is that which the vendee had in the land as represented by the amount of purchase-money he paid. Nor can

the administrator and vendor, when the land is exposed for public sale, privately agree that it shall be sold and the proceeds applied first to the payment of balance of purchase-money, and that the interest of the vendor shall be sold provided he receives that balance. The vendor may consent for the whole interest in the land to be sold, but notice of this consent must be publicly given at the sale, that the property may bring its full value." It will be seen that the allegations of the petition in the present case measure fully up to the rule laid down in the last sentence quoted above. There is no suggestion in the record that the property did not bring its full value on the sale, or that the estate was thereby injured. We are forced to the conclusion that the court erred in dismissing the petition on general demurrer.

2. We are clear, however, that the allegations of damages, and the prayer for the recovery of $750, should be stricken. Aside from the fact that the administrator could not be held liable in both his individual and his representative capacity, and the further fact that the estate should not be mulcted in damages for the alleged misdeeds of the administrator, there were no such allegations of bad faith, stubborn litigiousness, and wanton disregard of the rights of the plaintiff as would support a recovery for the expenses of the litigation. See, on this subject, *Pferdmenges* v. *Butler*, 117 *Ga.* 400. The other grounds of the special demurrer, however, are without merit. The allegations of tender and the other circumstances of the transaction were sufficiently explicit. The petition was not bad for misjoinder, nor was it multifarious.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*