MADDOX, sheriff, *v.* COWART.

BECK, P. J. Where pending an accusation in a city court, charging the commission of a misdemeanor, a warrant was issued for the accused, and he was arrested by the sheriff of the city court, who assessed his bail at $1,000, and the accused filed his application to the judge of

the superior court, praying a reduction of the amount of the bond, and upon hearing the application the judge passed an order requiring the sheriff to accept a bond of $300, and the sheriff refused to accept the bond in that amount tendered by the accused, who then made another application to the superior court, reciting that the sheriff had arbitrarily refused to accept the bond, though admitting that the bond was itself good and solvent, the accused praying in the latter application that the sheriff be required to show cause why he should not accept a bond in the last-mentioned sum as directed; and where upon the hearing of this application the sheriff both demurred and answered, the court did not err in overruling the demurrer upon the ground that the court was without jurisdiction to reduce the bond as fixed by the sheriff and to direct the sheriff to accept the same. The court was not without jurisdiction to entertain the application and to issue the order complained of. While the sheriff of the city court had arrested the accused under a warrant issued from the city court, the latter court had not passed upon the amount of bail nor upon any matter involved in these applications to the superior court. The mere fact that the defendant in the case is sheriff of the city court did not render him exempt from the jurisdiction of the judge of the superior court in matters of bail. Among the powers expressly granted to the superior court is that of exercising a general supervision over all inferior tribunals or any person exercising judicial powers. Civil Code, § 4849 (4). And the judges of the superior courts have authority "to hear and determine questions arising upon writs of habeas corpus or bail, when properly brought before them; all motions to grant, revive, or dissolve injunction, to give new security, or lessen the amount of bail." Civil Code, § 4850 (4); Penal Code, § 792. The question as to whether or not the judge of the superior court could entertain jurisdiction of the application to lessen the amount of bail, in the event that application had been first made to the judge of the city court and refused by him, is not before us in this record.        *Judgment affirmed. All the Justices concur.*
No. 3540.   MAY 17, 1923.

Habeas corpus. Before Judge Kent. Laurens superior court. December 4, 1922.

*G. C. Bidgood* and *J. A. Merritt,* for plaintiff in error.
*W. A. Dampier* and *Williams & Twitty,* contra.