GEORGE, marshal, *v.* CLARY.

No. 10314.   FEBRUARY 13, 1935.

*Alston, Alston, Fosler & Moise,* for plaintiff in error.
*William G. McRae* and *George G. Finch,* contra.

HUTCHESON, Justice.   Clary filed in the superior court a petition against J. M. George, marshal of the municipal court of Atlanta, and alleged as follows:   Silvey Speer McKenzie is the owner of a vested remainder of a life-estate, subject to a prior life-estate of her mother, Kate Silvey Speer, in property located in Atlanta on Edgewood and Decatur streets, and known as the Silvey building. An attachment was levied on the vested remainder of Silvey Speer McKenzie, and judgment against her was rendered, declaring a special lien against her interest in remainder.   No appeal was taken. She is insolvent.   She and her daughter, Frances McKenzie, have colluded and conspired to conceal the assets of Silvey Speer McKenzie.   As a part of such conspiracy Silvey Speer McKenzie, for a consideration of one dollar and love and affection, conveyed by deed her life interest in the Silvey building to Frances McKenzie.   Execution from said judgment was levied on her interest in the Silvey building, which was brought to sale and was bought in by petitioner.   At the time of the sale Frances McKenzie caused to be read by the marshal a certain letter setting forth her claims to the life-interests and remainder-interest which she held, and demanding a bond of the purchaser.   Petitioner has no adequate and complete remedy at law.   He has tendered the amount of his bid, plus all costs, and demanded a deed to the interest so bought by him.   The marshal refuses to make said deed without the filing of said bond, basing his demand on the Code of 1910, § 3673.   There is no law of the State requiring a bond to be made by the purchaser of a life-estate in real property at a judicial sale as in this case.   Frances McKenzie is the owner of the fee in remainder, and has an adequate and complete remedy at law.   The amount of such bond, if required, would be $300,000.   Petitioner prays that a mandamus issue, requiring the marshal to make said deed.

An answer was filed, admitting the allegations as to tracing of

title and sale of the property, but averring that before the sale a written demand was made on the marshal by Frances McKenzie, setting out her interest in the property, and demanding that a bond be required of the purchaser at said sale in double the value of the property, which demand was read to those present at the sale. Silvey Speer McKenzie filed an intervention setting up the value of the property, and its annual cost for rental, insurance, and taxes. The intervention was dismissed on demurrer, and no exception was taken. Upon a hearing the mandamus nisi was made absolute, and the marshal was required to execute a deed to the property described. To this ruling the defendant excepted.

1. One of the main questions raised in this case is whether or not the law as laid down in the act of 1830 (Cobb's Dig. 513, Code (1910), § 3673 (1933, § 85-1709) and later codified, requiring the giving of a bond by a life-tenant, applies to realty as well as to personalty. In the year 1830 the legislature passed an act the caption of which is as follows: "An act to compel purchasers of mortgaged property, purchasers of life-estates, or estates for term of years, in personal property, at sheriff's, coroner's, or constable's sale, to give bond," etc. No express reference was made to real property in connection with such sales; and we can not come to the opinion that such reference was implied. "No forthcoming bond is required upon the filing of an illegality interposed to a levy on realty." *Murphey* v. *Smith,* 16 *Ga. App.* 472 (85 S. E. 791). And this same principle was laid down in *Sterling* v. *Arnold,* 54 *Ga.* 690. While we realize that the law applicable to claim cases is not always applicable to cases of another nature, we have quoted from the above decisions, and now desire to quote as follows: "According to the true spirit of our law at present, whatever a man can enjoy himself, as property, can be sold for the payment of his debts, unless it be exempted from levy and sale in the manner pointed out by the homestead and exemption laws." *American Mortgage Co.* v. *Hill,* 92 *Ga.* 297, 306 (18 S. E. 425). We are therefore of the opinion that a purchaser of a life-estate in realty at any judicial sale is not required to give bond therefor.

2. It is contended that if there was a sale it was "chilled" at the time of bidding. Nothing was done by any party to the cause to chill the bidding; and if any such took place, according to the evidence it was caused by a letter written to the marshal by one who was not a party to the case.

282

3. There is no doubt whatever as to the jurisdiction of the superior court over officers of inferior courts, especially in so far as it goes toward the carrying out of the processes of those courts. As was said by Presiding Justice Lumpkin, in *Burckhaller* v. *O'Connor*, 100 *Ga.* 366 (28 S. E. 154), "the disposition of such controversies had better be left exclusively to the superior court. In that court, strictly speaking, the proper remedy would be by mandamus; but a petition in the nature of such an application, followed by other appropriate proceedings, is, under the practice prevailing in this State, to all intents and purposes, practically sufficient." The court did not err in making the mandamus absolute, and in ordering the making of a deed by the marshal.

*Judgment affirmed.   All the Justices concur.*

ATKINSON, GILBERT, and BELL, JJ., concur in the result only.