BURT *v.* CRAWFORD, sheriff, *et al.*

No. 10197.   FEBRUARY 16, 1935.

*Weir S. Gaillard,* for plaintiff.   *B. F. Whelchel,* for defendant.

ATKINSON, Justice.   In February, 1931, a landlord caused to be issued by a justice of the peace a distress warrant for the sum of one hundred and seventy-five dollars for rent due.   On the following day the sheriff in virtue of the warrant levied on described personal property.   On the day of the levy the tenant and a surety executed a bond payable to the sheriff, in double the amount of the debt, conditioned to produce the property at the time and place of sale.   Several days later the tenant made oath by affidavit styled "a counter-affidavit and recoupment."   The papers were returned to the March term of the superior court.   At the next August term, on motion of the plaintiff the counter-affidavit was dismissed because the tenant had failed to file "an eventual condemnation-money bond," and the distress warrant was ordered to proceed.   The sheriff proceeded to advertise the property to be sold on May 2, 1933.

Several days prior to the advertised date of sale the tenant made affidavit denying that he owed any part of the alleged rent, and with his solvent surety executed a bond in double the amount of the alleged rent due. The bond was payable to the landlord, and was conditioned to pay the eventual condemnation-money and all costs. The sheriff, acting on advice of the landlord's attorney, refused to approve and accept this bond and affidavit and to return them to the court. He also announced his intention to proceed with the sale. The tenant instituted an action against the sheriff, the landlord, and his attorney, for mandamus to compel the sheriff to return the warrant, counter-affidavit, and bond to the superior court for trial, and for injunction to prevent sale of the property. A restraining order was granted. The defendants filed answer denying that the alleged acts of the sheriff constituted a breach of his official duty. They also filed a special plea of res judicata, predicated on the judgment dismissing the first affidavit. Upon the hearing the facts alleged and shown by the pleadings and evidence were as stated above. The judge refused the prayers for mandamus and injunction and dissolved, the restraining order. The petitioner excepted.

■ The following statutes have been enacted. A distress warrant may issue for rent due "which may be levied by any constable, duly qualified, on any property belonging to said debtor, . . who shall advertise and sell the same, as in case of levy and sale under execution: provided, if the sum claimed to be due shall exceed $100, and said warrant shall be levied by a constable, it shall be his duty to deliver the warrant, with a return of the property levied upon, to the sheriff of said county or his deputy, who shall advertise and sell as provided by law for sheriff's sales." Code of 1910, § 5390; Code of 1933, § 61-402. "The party distrained may in all cases replevy the property so distrained, by making oath that the sum or some part thereof distrained for is not due, and giving security for the eventual condemnation money; and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims: provided, that when the levying officer shall retain possession of the property of the tenant levied on, it shall not be necessary to give the bond for the eventual condemnation money." Code of 1910, § 5391; Code of 1933, § 61-404. If "the tenant shall desire the possession of such property, it shall be the duty of the

sheriff or other levying officer to take a bond with good security for a sum equal to double the value of the property levied on, to be estimated by the levying officer, for the delivery of such property at the time and place of sale, provided the property so levied on shall be found subject to such rent: provided, that it shall not be lawful to require or take a forthcoming bond for real estate. This is in addition to replevy bond required in such cases, as is now provided by law." Park's Code, Supp. 1922, § 5391 (a) ; Code of 1933, § 61-405. "When an execution issued from the superior court shall be levied upon personal property, and claimed by a person not a party to such execution, it shall be the duty of the levying officer to return the same, together with the execution, to the next term of the court from which said execution issued." Code of 1910, § 5167; Code of 1933, § 39-901. "The court to which a claim shall be returned shall cause the right of property to be decided by a jury at the first term thereof, unless continued as other cases at law." Code of 1910, § 5168; Code of 1933, § 39-902. "Whenever a claim of property is made in terms of this Code, and returned to the proper court by the sheriff or other levying officer, the claimant shall not be permitted to withdraw or discontinue his said claim more than once, without the consent of the plaintiff in execution, or some person duly authorized to represent such plaintiff; but such court shall proceed to the trial of the claim of such property, and it shall be the duty of the jury to assess damages accordingly." Code of 1910, § 5171; Code of 1933, § 39-905. A distress warrant is final process, convertible into mesne process under the provisions of law quoted above. Prior to the act of 1894 (Ga. L. 1894, p. 52), it was in effect held necessary, in order to make such change in the character of the process, that the tenant should both make oath and give an eventual condemnation-money bond. *McCulloch* v. *Good, 63 Ga.* 519; *Toomer* v. *Mann 63 Ga.* 735. After these decisions the provisional or last part of section 5391 (1933, § 61-404) quoted above was enacted by the act of 1894. And later, in 1920 (Ga. L. 1920, p. 147), the law as quoted above (§ 5391(a) ; 1933, § 61-405) was enacted. For the purposes of this case it is unnecessary to decide whether, since the passage of the above-cited laws, the law still requires both the oath and the eventual condemnation-money bond in order to convert the distress warrant into mesne process. It is sufficient that it is so convertible. There

is no specified time within which the tenant must act, and consequently he may act at any time while the distress warrant is executory, that is until the property is sold. Section 5391 (1933, § 61-404) uses the word "replevy." There is no restriction, in any of the foregoing statutes, preventing a tenant from making an oath and security while the distress warrant remains executory, where he previously has ineffectually attempted to "replevy" or convert the warrant in mesne process. It is made the duty of the officer to make return to a court having jurisdiction, and the issue shall be "tried by a jury as provided for in the trial of claims." The law relating to trial of claims thus becomes a part of the law relating to the subject of distraining for rent due by a tenant. There is no restriction in section 5171 (1933, § 39-905) to prevent a claimant who has interposed a defective claim, which the court dismisses on account of the defect without submission to a jury, from interposing a sufficient claim. The only restriction upon the claimant is that he may not more than one time voluntarily dismiss his claim and interpose another. So, in view of the statutes, where a distress warrant issues and is levied on personalty, and the tenant makes the statutory oath but fails to give security, and the officer makes his return to the court, and before submission to the jury the court dismisses the proceeding because security was not given, the statutory remedy is still available to the tenant, the property not having been sold by the officer. This ruling is directly opposed to the decision in *Eppinger* v. *Habersham*, 63 *Ga.* 664, where it was ruled: "A defendant in a distress warrant can not, after one counter-affidavit has been dismissed, file a second one." In the opinion it was said: "We are not aware that this court has ever expressly decided that a second counter-affidavit could not be filed to a distress warrant for rent, but this court has decided that a second counter-affidavit to a warrant for the ejection of an intruder could not be filed, and the same principle is applicable to distress-warrants for rent. See 36 *Ga.* 477, and other cases." The statute referring to ejection of an intruder, then in force and now embodied in the Code of 1910, §§ 5380, 5382; Code of 1933, §§ 105-1501, 105-1503), did not require the issue to be tried as in cases of claim. In that case the court overlooked the provision then in force, now contained in the Code of 1910, § 5391 (Code of 1933, § 61-404), that the issue shall be tried by a jury as provided for "in the

trial of claims," and also overlooked the law then in force, now embodied in the Code of 1910, § 5171 (Code of 1933, § 39-905), relating to filing a *second claim*. On request that decision is reviewed and overruled. The instant case differs from *Green* v. *White Oak Club,* 141 *Ga.* 646 (supra), which had reference to eviction of a tenant for failing to pay rent, under the Code of 1910, §§ 5385, 5388 (Code of 1933, §§ 61-301, 61-304), in which there was no requirement that the issue raised by the counter-affidavit should be tried as in cases of "claims." The proceeding in which the judgment of dismissal was rendered, as complained of in the bill of exceptions, was not subject to dismissal on the ground that the counter-affidavit came too late or was barred by the order dismissing the first proceeding, or that a second counter-affidavit interposed to the enforcement of the distress warrant for rent was not permissible.

The rulings announced in headnotes two to four, inclusive, do not require elaboration.

*Judgment reversed. All the Justices concur.*