## City of Waycross *et al.* v. Cullens.

Jenkins, Justice. 1. By the express terms of section 11 of the Waycross street-improvement act of 1925 (Ga. L. 1925, pp. 1557, 1566), providing as to assessments and collections for improvements and issuance of bonds under a plan analogous to what is known as the "baby bond or Oklahoma plan of paving" (see Code, § 69-421), when an execution is issued and turned over to the city marshal or his deputy, it is made his duty, after levy, "advertisement and other proceedings as in case of sales for city taxes of said city," to sell the same, "at public outcry as in other city tax sales, to the highest bidder, and such sales shall vest an absolute title in the purchaser subject to the lien of the remaining unpaid installments or assessments with interest." The Code, § 92-4401, with a minor exception, provides that "the time, place, and manner of the sale of property, both real and personal, for taxes due to municipal corporations . . shall be the same as that provided by law for sheriffs' sales for State and county taxes." Under § 92-8102, "sales under tax executions shall be made under the rules governing judicial sales." Even though section 16 of the act of 1925 provides that nothing in the act shall "repeal or alter the present street-improvement laws of the City of Waycross, except where the same are in direct conflict with this act," the provisions "being intended" to be "cumulative," section 39 of the then existing improvement act of 1909 (Ga. L. 1909, pp. 1489, 1490) in terms also provides that "sales shall be made under the rules and laws governing sheriffs' sales," and that "the marshal shall make to the purchaser a deed" to real estate sold. Since it is the duty of a sheriff, when at a lawful judicial sale or sale for taxes land has been "knocked off to [a] highest and best bidder," to execute a deed to the purchaser (*Knox* v. *Yow*, 91 *Ga.* 367 (3), 368, 374, 17 S. E. 654; *Mallard* v. *Curran*, 123 *Ga.* 872, 51 S. E. 712; *Green* v. *Freeman*, 126 *Ga.* 274, 55 S. E. 45, 7 Ann. Cas. 1069), it is the duty of the marshal of the City of Waycross, at a lawful sale of land under an improvement execution, to deliver a deed to the person to whom the property was "knocked off" as the highest bidder. Under the terms of the act

of 1925 and the general law expressly made applicable, the marshal and the city commissioners are without authority to reject the bid, nullify the sale, and withhold a deed from such a purchaser on the ground that the city officials are the trustees of the bondholders, and that the bid was inadequate.

2. Where such a deed is refused by the city marshal, mandamus is the proper remedy of the purchaser. *Burckhalter* v. *O'Connor*, 100 *Ga.* 366 (28 S. E. 154); *George* v. *Clary*, 180 *Ga.* 279 (178 S. E. 920); Code, § 64-101.

3. Under the preceding holdings, the court did not err in overruling the demurrer to the purchaser's petition for mandamus, in striking the defense that the bid was inadequate, and in granting a mandamus under the undisputed facts. *Judgment affirmed. All the Justices concur.*

No. 13413. SEPTEMBER 26, 1940.

*Q. L. Garrett* and *Frank B. McDonald, Jr.,* for plaintiffs in error. *Blalock & Blalock, Mack Barnes,* and *Parker & Parker,* contra.