SPEED OIL COMPANY *v.* ALDREDGE, sheriff.

No. 13694.   MAY 22, 1941.

*Williams & Freeman,* for plaintiff.

*Spalding, Sibley, Troutman & Brock, W. S. Northcutt,* and *E. H. Sheats,* for defendant.

BELL, Justice. ■ Concerning defense against a distress warrant, the Code, § 61-404, provides as follows: "The party distrained may in all cases replevy the property so distrained, by making oath that the sum or some part thereof distrained for is not due, and giving security for the eventual condemnation-money; and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims: Provided, that when the levying officer shall retain possession of the property of the tenant levied on. it shall not be necessary to give the bond for the eventual condemnation-money." It is contended for the plaintiff, Speed Oil Company, that although the counter-affidavit tendered by it to the sheriff was not accompanied by an eventual condemnation-money bond, it was unnecessary for it to give this or any kind of bond where it did not retain or receive the property levied on, but on the contrary the property, before tender of the counter-affidavit, had been delivered by the levying officer to a third person as claimant, on approved claim and forthcoming bonds, in accordance with the law applicable in claim cases. It is insisted that in such case the property, so far as petitioner is concerned, has been and is in possession of the sheriff, or, in other words, has been retained by the sheriff within the purview of the law "that when the levying officer shall retain possession of the property of the tenant levied on, it shall not be necessary to give the bond for the eventual condemnation-money" (§ 61-404, supra). This is the principal question argued by counsel for the plaintiff; and while counsel for the defendant take a contrary position with reference to this point, they insist that it is not controlling in the case, and urge additional reasons why the petition for mandamus was properly dismissed on demurrer. Counsel for the plaintiff reply that the petition was good in every respect as against the general demurrer.

The proviso contained in the last clause of section 61-404, supra, was added by statute in 1894. Ga. L. 1894, p. 52. It would be incorrect to say that the levying officer himself retains possession

of the property after delivering it to a third person as claimant under proper claim and forthcoming bonds, as distinguished from a forthcoming bond given by a defendant in fi. fa. (Code, §§ 39-804, 39-805, 39-302, 39-303; *Mitchell* v. *Hay, 37 Ga.* 581; *Wortsman* v. *Wade, 77 Ga.* 651 (4 Am. St. R. 102); *Hand* v. *Brown, 144 Ga.* 272 (2) (86 S. E. 1080); *Peacock Hardware Co.* v. *Allen, 33 Ga. App.* 654 (127 S. E. 780). Before enactment of the proviso as stated, it had been held several times that in order for a tenant whose goods are distrained to make an issue that the rent is not due, it is essential that he tender a proper eventual condemnation-money bond along with his counter-affidavit, both being required by law. *Hall* v. *Holmes, 42 Ga.* 179; *McCulloch* v. *Good, 63 Ga.* 519; *Toomer* v. *Mann, 63 Ga.* 735; *Huckaby* v. *Brooks, 75 Ga.* 678. The old law was thus harsh and burdensome as against the tenant, although he may have had a valid defense; and the amending act was not only remedial on its face, but, considering the old law, the evil, and the remedy, it was evidently intended to be remedial *in favor of the tenant.* Code, § 102-102 (9); *Sturgis* v. *Frost, 56 Ga.* 188; *Sparrow* v. *Weld, 177 Ga.* 134 (169 S. E. 487). Moreover, in passing the act of 1894 by which the proviso in question was added, the legislature apparently had in mind only the rights and remedies of the landlord and tenant and official action of the levying officer with respect to them, and not a situation which might be created by intervention of a third party by means of a claim accompanied by claim and forthcoming bonds. So the fact that the property here was delivered to a claimant before tender of the counter-affidavit by the tenant should not be permitted to affect the tenant's right as it otherwise existed. In *Burt* v. *Crawford,* 180 *Ga.* 331 (179 S. E. 82), it was held that "there is no specified time within which the tenant must act, and consequently he may act at any time while the distress warrant is executory, that is until the property is sold." Whether the tenant might still be in time if it should appear that the title to the property had been *adjudicated* in favor of the claimant, the petition does not show such adjudication, nor does it appear that the property has been sold. The tenant should manifestly not be required to anticipate that a claim to his property may be filed by some third person, and to enter into a race with the world in order to submit his counter-affidavit before the property is delivered to some other person as claimant.

While the language of the amendatory act is that it shall not be necessary for the tenant to give an eventual condemnation-money bond "when the levying officer shall retain possession of the property of the tenant levied on," yet in view of the remedial purpose of this law and its evident intention to affect only the landlord and the tenant as parties at interest, and the levying officer in his official capacity, we are of the opinion that its primary and controlling purpose was to relieve the tenant of the necessity of giving bond for the eventual condemnation-money when he does not desire to retain possession after levy. In this view, the words "when the levying officer shall retain possession" should be construed as meaning "when the tenant does not retain possession." On construction generally, see Code, § 102-102 (9) ; *Board of Tax Assessors of Decatur County* v. *Catledge,* 173 *Ga.* 656 (2) (160 S. E. 909) ; *Evans* v. *Evans,* 190 *Ga.* 364 (3), 370 (9 S. E. 2d, 254) ; *Carroll* v. *Ragsdale,* ante, 118 (15 S. E. 2d, 210). It was the latter condition, and not the former, which the legislature intended to declare as determining whether a replevy bond should be given. The question as here presented is in no wise affected by the act of 1920. Ga. L. 1920, p. 147 ; Code, §§ 61-404, 61-406. We therefore conclude that the petition stated a cause of action for the writ of mandamus, in so far as construction of § 61-404, is concerned. It remains only to determine whether the petition alleged sufficient facts to bring the plaintiff within the scope of the section as thus construed.

■ It appears from the petition that the distress warrant was issued in September, 1936, returnable to the November term of the superior court, and that the counter-affidavit was executed and tendered in November, 1940, more than four years later. With reference to the claimed indebtedness for rent, the affiant in such counter-affidavit deposed only "that the sum distrained for under the above-stated warrant was not due at the time of issuing said warrant." This averment was in substantially the same form as that considered in *Feagin* v. *McCowen,* 115 *Ga.* 325 (41 S. E. 575), as to which it was held, that, in the absence of a demurrer specially presenting the point that the counter-affidavit embraced no general denial of indebtedness for rent, any competent evidence tending to show that no such indebtedness actually existed was admissible in behalf of the defendant. In the opinion it was said that if the counter-affidavit, by reason of not being in the precise

form of the statute, did not permit introduction of the evidence to which objection was made, "the reply is that its legal sufficiency in this respect was not challenged by demurrer." It is true that in the present case a general demurrer to the petition for mandamus was filed by the sheriff, who was the only party defendant; but we do not think the sheriff in his official capacity should be heard to question the sufficiency of the counter-affidavit, where it is not absolutely void, so that he should not act at all under it. Under the decision in *Feagin* v. *McCowen,* supra, it would be sufficient to form an issue as between the landlord and the tenant; and if it has any formal defect so as to render it subject to special demurrer, the landlord and not the sheriff would be the proper party to raise such objection. Under the decision in *Burt* v. *Crawford,* supra, as applied to the present allegations of fact, it does not appear that the unusual lapse of time (more than four years) should be considered as a bar.

■ The Code, § 61-401, declares that the landlord may distrain for rent "as soon as the same is due, or before due if the tenant is seeking to remove his goods from the premises." Counsel for the sheriff contend that in view of this section the plaintiff would not be entitled to the writ of mandamus on the mere averment that the sum distrained for "was not due at the time of issuing said warrant," for the reason that the landlord may have distrained upon the ground that the tenant, now the plaintiff, was seeking to remove its property from the premises. We can not sustain this contention. Construing the provision last quoted in connection with § 61-404, providing the right to file a counter-affidavit, we think the former section intended that the rent should be treated as due if the tenant is seeking to remove his goods from the premises, and thus that the counter-affidavit in this case would be good as against a general demurrer, no matter upon which of the two prescribed grounds the affidavit for distress warrant may have been predicated. In *Sturgis* v. *Frost,* supra, it was questioned whether the tenant could defend at all by counter-affidavit where a warrant, issued before the rent was due, was on the ground that the tenant was seeking to remove his goods from the premises. It was apparently unnecessary to decide the question in that case. It is necessary here, and we decide it in the affirmative.

■ The proviso as stated in § 61-404 refers to the retaining of

the possession "of the property of the tenant levied on," and it is contended that the petition did not state a cause of action, for the reason that it nowhere alleges that any property of the tenant was levied on. The Code, § 39-103, declares that the officer making the levy shall describe the property levied on, and "the amount of the interest of defendant therein." The petition does allege that a levy was made under the distress warrant. It appears that only one person was named as a defendant therein. While the rule is different as to attachments (*Tuells* v. *Torras,* 113 *Ga.* 691 (4), 39 S. E. 455), and as to executions against several defendants (*Overby* v. *Hart,* 68 *Ga.* 493 (3)), it has been held in effect that where an execution is issued upon a general judgment rendered against one defendant only, the levy need not recite anything as to ownership or interest in the property. *McKoy* v. *Edwards,* 65 *Ga.* 328 (2); *Faircloth* v. *Taylor,* 147 *Ga.* 787 (95 S. E. 689). The reason for such ruling would apply as well to a distress warrant. Since the petition does allege that a levy was made, and shows that the distress warrant issued against only one person as tenant, in the absence of anything to the contrary it should be assumed, as between the petitioner and the sheriff, that the officer performed his official duty and levied on the property of the defendant in the distress warrant, and did not commit a trespass or other wrong by levying on the property of a third person. *Gibson* v. *Robinson,* 90 *Ga.* 756 (4) (16 S. E. 969, 35 Am. St. R. 250); *Griffin* v. *Wise,* 115 *Ga.* 610 (3) (41 S. E. 1003).

◼ It is further contended that the action was properly dismissed under the rule that in order for a party to enforce a private right by mandamus he must show pecuniary loss for which he can not be compensated in damages. *Atlantic Ice & Coal Corporation* v. *Decatur,* 154 *Ga.* 882 (2) (115 S. E. 912). If the allegations are sufficient, as we think they are, to show that the plaintiff has a legal defense to the distress warrant, and in an effort to assert such defense it has complied with the law as to tendering a counter-affidavit, it would seem that the petition complies fully with the rule invoked. *Burt* v. *Crawford,* 180 *Ga.* 331 (179 S. E. 82); *City of Waycross* v. *Cullens,* 190 *Ga.* 823 (10 S. E. 2d, 920).

◼ The petition for mandamus was not subject to dismissal on the ground that the landlord was not made a party. In the present petition the plaintiff is not asking an adjudication against any

right of the landlord. It is merely seeking entry into court, in order that it may subsequently litigate with the landlord in a proper proceeding for that purpose. The case falls within the principle ruled in *Gullatt* v. *Slaton,* 189 *Ga.* 758 (8 S. E. 2d, 47), where the decisions relied on by counsel for the defendant are distinguished.

"All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." Code, § 64-101. "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort Inc.,* 153 *Ga.* 499 (5) (113 S. E. 545); *Phillips* v. *Head,* 188 *Ga.* 511, 514 (4 S. E. 2d, 240). The petition in the instant case was sufficient to show a clear legal right to have the counter-affidavit accepted by the sheriff, and thus stated a cause of action for mandamus. The court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. All the Justices concur.*