CLARK *v.* MORRIS PLAN BANK.

No. 14183. SEPTEMBER 22, 1942.

*Joseph S. Crespi,* for plaintiff in error.

*Charles M. Cork, Houston White,* and *Jones, Jones & Sparks,* contra.

BELL, Justice. The Court of Appeals requested instruction upon whether a judge of a superior court, at the time of sanctioning a petition for certiorari, has authority to approve the required certiorari bond, where it has not been approved or disapproved by the judge or magistrate whose decision or judgment is the subject-matter of complaint.

In article 6, section 4, paragraph 5, of the constitution of Georgia (Code, § 2-3205), it is declared that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari, which shall only issue on the sanction of the judge, and said courts and the judges thereof . . shall have such other powers as are or may be conferred on them by law." It is provided

by statute that the superior courts shall have authority "to exercise a general supervision over all inferior tribunals, and to review and correct, in the manner prescribed by law, the judgments of the justices of the peace, municipal corporation or police courts or councils, or any inferior judicature;" and that the judges of these courts shall have authority "to grant for their respective circuits writs of certiorari." Code, §§ 24-2615 (4), 24-2616 (1).

Under the foregoing laws, the judge of the superior court, at the time of sanctioning a petition for certiorari, has no authority to approve the certiorari bond, where the bond has not been approved or disapproved by the judge who tried the case; nor is there other law conferring such authority upon him. The question certified by the Court of Appeals is thus answered in the negative. See *Kelly* v. *Jackson,* 67 *Ga.* 274 (2); *Hendrix* v. *Mason,* 70 *Ga.* 523; *Hester* v. *Keller,* 74 *Ga.* 369; *Hamilton* v. *Phenix Insurance Co.,* 107 *Ga.* 728 (33 S. E. 705); *Wingard* v. *Southern Railway Co.,* 109 *Ga.* 177 (34 S. E. 275); *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939); *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36); *Walker* v. *Hillyer,* 119 *Ga.* 225 (46 S. E. 92). While some of these decisions may contain dicta only, as related to the question propounded, it is believed that they state the law correctly, to the effect that the bond must be approved by the judge or justice before whom the case was originally tried. Such has long been the view of this court, and now after further consideration we find no reason to depart from it.

The conclusion stated is not in conflict with *Burckhalter* v. *O'Connor,* 100 *Ga.* 366 (28 S. E. 154), *Maddox* v. *Cowart,* 155 *Ga.* 606 (118 S. E. 39), or *George* v. *Clary,* 180 *Ga.* 279 (178 S. E. 920), relating to authority of a superior-court judge to require performance of official acts by sheriffs and marshals in pursuance of writs issued by inferior judicatories. If a judge of the superior court should approve a certiorari bond, he would not be exercising "supervision," but would himself be performing an *act* which by intendment of the law is to be performed by the officer whose decision or judgment is brought under complaint. In *Maddox* v. *Cowart,* supra, although the power of supervision was mentioned in the decision, the matter fell within authority to hear and determine questions relating to *bail,* as expressly conferred by section 24-2616 (4).

*Question answered in the negative. All the Justices concur.*