## JOHNSTON v. PATTERSON.

1. On the special facts there was no error in refusing to postpone the trial to a later day or hour.
2. Where the rent contract between landlord and tenant embraces mutual stipulations as to divers particulars, and each party violates some of the stipulations, the damages resulting therefrom should, in a contest on a distress warrant and counter-affidavit as to the amount of rent due, be set off, those on the one side against those on the other, and nothing should be allowed the tenant as a deduction from the amount of the distress warrant, except the net balance of damage in his favor on squaring the damage account.

April 17, 1893. Argued at the last term.

Before Judge MILLER. Bibb superior court. April term, 1892.

Patterson made affidavit that Johnston owed him for rent of certain land $480 with interest, and that the rent was due and unpaid. Upon this affidavit a distress warrant was issued October 27, 1888, which was levied upon certain crops, etc. Johnston interposed a counter-affidavit, that neither the sum distrained for nor any

part of it was due. The case was tried, resulting in Patterson's favor. Johnston brought it to this court, and the judgment of the court below was reversed. 86 *Ga.* 725. In that decision it was held that the defendant should have been permitted to make certain defences as to damages, which he claimed resulted to him, from various alleged breaches by plaintiff of stipulations and promises by plaintiff, contained in the rent contract and immediately connected therewith, such as plaintiff's agreement to furnish mules, to pay commissions on rents received from land defendant might rent out for him, to pay defendant for his services on the plantation, etc.; and that these defences could be made without an amendment of the counter-affidavit. When the case was heard the second time, plaintiff and defendant introduced evidence upon these subjects. There was a verdict for plaintiff for $470.50 with interest; defendant's motion for new trial was overruled, and he excepted. The motion contained the following grounds:

Upon the call of the case as first in order for trial on Monday morning, June 13th, defendant called the attention of the court to the fact that the subpœnas sued out by him for his witnesses on Saturday June 11th, to wit, W. T. Phillips, W. L. Grace, John O'Neal sr., Randall Walker(c), J. N. Davis jr., and George Limpkin, had none of them been served; and by evidence made it appear to the court that these witnesses had been subpœnaed several times before and had been in attendance on the court on Friday before, when the case was postponed at the instance of plaintiff. Defendant lived near West Lake in Twiggs county, and at the time a postponement was asked on Friday, stated to the court that his wife was sick at his home. His counsel had not since heard from him. The setting of cases was late Friday evening; counsel having the case more especially in charge went home before the case was set, on account

of feeling indisposed, but no leave was asked nor was such fact brought to the attention of the court at the seting; on Saturday morning said counsel was engaged in an important matter in the Federal court; in the afternoon of Saturday, about 3:30 o'clock, he caused subpœnas to be issued again for the witnesses, knowing that a letter would not reach them in time between Friday and Monday. They lived in the lower part of the county. The clerk promised to give the subpœnas to the sheriff to be served. Defendant's counsel was not informed by the sheriff that they would not be served; until Monday morning, just before the call of the case, he supposed they had been served. Had he been notified by the officer that the subpœnas would not be served, he would have sent the subpœnas to the witnesses at his own expense. They were the only witnesses defendant had except himself, and their testimony would be on all matters of his defence. Phillips would swear to the shortage in the land, the giving out and breaking down of the mule, the rerenting from defendant of part of the rented land, with plaintiff's consent, and the payment of that much of the rent to the plaintiff. A showing was also made as to what would be the testimony of the other witnesses. The witnesses were not absent by defendant's procurement or consent. Upon this showing the defendant asked that the court would delay the case for a few hours, or long enough for the witnesses to be served with subpœnas. The case had been set down for trial the week preceding, and went over by consent of counsel for resetting. It was called regularly for resetting on Friday evening, and C. P. Steed of counsel for defendant, and R. W. Patterson of counsel for plaintiff, were present. When the request for postponement was made it was stated, and not denied, that on the forenoon of Saturday R. W. Patterson was asked by the defendant, in Macon near the office of Steed &

Wimberly, for what time the case was set, and he told defendant it was the first case for Monday, defendant at the time stating that he had been to the office of Steed & Wimberly and neither of them was in. The sheriff stated that the subpœnas had been put in his hands between 5 and 6 o'clock Saturday evening—too late for him to serve. The court refused to delay the case, but required the defendant then and there to proceed into the trial of said case, without the presence of any of said witnesses. After this ruling defendant asked that the trial be postponed long enough to allow him, at his own expense, to send word to his absent witnesses and procure their attendance, obligating himself to do so with all possible expedition, without requiring an officer of the court. This request was refused and the case proceeded with at once, without allowing defendant time to secure the presence of the witnesses.

Error in allowing plaintiff to testify that the defendant owed him for nine hundred bushels of cotton-seed at fifteen cents per bushel, over defendant's objection on the grounds, that the distress warrant was not a proceeding for the price of the cotton-seed, but for the ground-rent only; that neither by amendment nor otherwise was any issue raised by the pleadings as to there being any amount due for cotton-seed; that the sureties on the replevy bond had not agreed to stand liable for any debt defendant might owe plaintiff, other than the rent distrained for; and that at the time the warrant was sued out and the counter-affidavit interposed the cotton-seed debt was not due, but by the terms of the contract did not become due until December 1st thereafter. The rent contract dated August 3, 1888, contained this statement: "Johnston owes Patterson nine hundred bushels of cotton-seed, to be paid on the first day of December."

Also, in permitting plaintiff to testify that defendant owed him for the mules $80, over objection on the

.grounds, that plaintiff had not distrained for the rent of the mules, but only for the rent of the land; that plaintiff could not thus bring into the case matters not sued for, and not embraced in the warrant or contemplated by the counter-affidavit and bond, or covered by any of the pleadings or issues in the case. After the admission of the foregoing testimony, defendant's counsel cross-examined plaintiff, and showed by him that there was no agreement that the mule-rent and cotton-seed item were to be credited or set off against shortage in acreage, or other items of defendant's plea or counter-claim against plaintiff. Thereupon defendant moved to rule out the testimony as to the cotton-seed and mule-rent, on the additional ground that it affirmatively appeared that these items were in no wise in rebuttal of, or connected with, the matter of defendant's defence or counter-claim, and therefore could not have been rendered competent by any of the issues in the case. The motion was overruled.

Error in charging the jury, that the issues made by the distress warrant and the counter-affidavit "are extended by the evidence introduced in the case." Defendant contends that there was no such evidence as ought to extend the issues beyond proof of the land rent on one side, or matter in denial of the rent or some part of it on the other, and that the enlargement of those issues was error. And in charging: "Patterson replies by admitting that he, under the contract, is due Johnston two dollars for commission collected outside of the rent; he admits also that he is justly due him sixty dollars for his services that year rendered by himself on the plantation; but he says that, under the contract, Johnston was indebted to him by the terms of the same contract eighty dollars for mule-hire, and also for 900 bushels of cotton-seed at 15 cents a bushel, that Johnston owes him that and owed it at the time, and that his

claims for commission and services goes properly as a credit upon those cross-items in Patterson's favor." Defendant contends that it was not competent to bring in demands of plaintiff not sued for, in order to counterbalance matters of recoupment set up by the defendant; and that there was no evidence that it was the intention of the parties, or either of them, that these items and cross-items were to go as a credit one against the other.

And in charging: "You will understand, there is no controversy between the parties as to the two dollar commissions, and sixty dollars due Johnston for services. Johnston claims that, and Patterson admits it; there is no issue of fact upon that. The issue there is, whether that has been paid or not by the cross-demands of Patterson. Examine further into that, and see whether under the contract Johnston owed Patterson for the use of those mules that year, and how much; whether he owed him for cotton-seed, and how much; what those amounts are; what their relation under the contract bears to these other matters claimed by Johnston to be due by Patterson." Defendant contends that these cross-demands were not properly in the case and ought not to have been submitted to the jury, and that there was no evidence to raise the issue that they were or might have been a payment of Johnston's demands.

And in charging: "Patterson admits the commissions and services, and says they are properly paid by his cross-demands for cotton-seed and mule-hire, but joins issue, however, squarely as to Phillips' rent, and as to the thirty acres of land which Johnston says is lying out. You understand in the case that all these claims, these obligations and cross-obligations under that contract, both parties have put them in here, everything that arises between these parties under the contract is in issue before you. Johnston's claim for services, his claim for Phillips' land rent, etc., and Patterson's for

cotton-seed and for mule-hire. I submit the whole case to you to pass upon, and you figure on the whole contract between them in deciding what amount is finally due to Patterson." Defendant objects to this portion of the charge, as making no distinction in legal effect between the cotton-seed and mule-hire claimed by plaintiff, and the rent for which he sued. And it is alleged that the verdict is contrary to law, in that it reduces the amount of defendant's recoupment and defence of partial failure of consideration, by an amount claimed by plaintiff for cotton-seed and mule-hire, though not sued for.

STEED & WIMBERLY, J. A. THOMAS and C. & H. ESTES, for plaintiff in error.

R. W. PATTERSON and ROBERT HODGES, contra.

BLECKLEY, Chief Justice.

1. On the special and somewhat complicated state of facts upon which the application for a postponement of the trial rested, there was no error in denying the application. It must be remembered that such matters are generally discretionary with the trial court; and, no abuse of the discretion appearing, the decision of that court will not be disturbed.

2. In a statutory contest between landlord and tenant as to the amount of rent due, there are no pleadings except the affidavit for a distress warrant and the warrant itself, on the one side, and the counter-affidavit on the other. Upon these pleadings alone the tenant may prove that the landlord has violated the rent contract, and reduce the rent by so much as the damages occasioned thereby amount to. *Johnston* v. *Patterson*, 86 *Ga.* 725. May not the landlord meet violation with violation, damages with damages, have a full instead of a partial reckoning as to damages, and uphold his warrant to the extent of the sum really due him for rent after a

just settlement of the damage account? Here the rent contract embraced mutual stipulations, and involved divers particulars. The tenant undertook to do more than merely to pay the rent, and the landlord had more to do than to receive it. Each party defaulted and occasioned damage to the other. The breaches, as well as the covenants, were mutual. Why should not the principle of recoupment be applied in favor of the landlord as well as against him? The net balance in favor of the tenant on squaring the damage account, measured the credit to which he was entitled on the rent account. This, and no more, could properly be deducted from the amount of the distress warrant.

*Judgment affirmed.*