## ALLEN *v.* SCHWEIGERT.

1. Where this court decides that a certain petition is good as against a demurrer filed thereto, the decision can not be reviewed and overruled when the same case is again brought to this court, but is binding in the case and must control on the trial if the facts proved raise the same question.
2. Where, however, the evidence adduced on the trial does not sustain all of the material allegations of the petition, and the decision made upon the demurrer is not applicable to the case made by the facts proved, that decision is of course not controlling.
3. Where a mechanic recorded his lien for work done and material furnished, and sought, under the provisions of the act approved December 18, 1897, to have such lien foreclosed and enforced as against the owner upon the real estate improved, and where it conclusively appeared that the owner had fully settled with the contractor before the giving of the written notice required by the act, and owed the contractor nothing at the time such notice was given, a verdict in favor of the mechanic was contrary to the evidence, and

the court did not err in setting it aside ; the act expressly providing that the lien shall not attach " for a sum greater than such balance as the owner may be indebted to the person having the contract at the time of the service of such notice." This is true although at the time the notice was given the contractor had not completed his contract and had been paid for only such part as had been completed, where such contractor had made a settlement with the owner whereby he surrendered the contract and released the owner from the payment of the balance of the contract price of the work, in consideration of his own release from his obligation to complete the building, and from liquidated damages already amounting to more than the balance which would have been due him had he completed the contract within the stipulated time.

4. Where there are several grounds in a motion for a new trial, and the judge grants a new trial upon one ground only, this is equivalent to overruling the other grounds, and, upon exceptions to the grant of the new trial, this court can not consider such other grounds unless a cross-bill of exceptions is filed, complaining of the refusal to sustain them.

Submitted January 31,—Decided March 26, 1901.

Foreclosure of lien.    Before Judge Eve.    City court of Richmond county.    August 23, 1900.

*S. F. Garlington* and *J. C. C. Black Jr.*, for plaintiff.
*William K. Miller* and *J. S. & W. T. Davidson,* for defendant.

SIMMONS, C. J.    The present case is a suit by Allen, a mechanic and materialman, for the enforcement of his lien against certain real estate as against the owner and the contractor by whom the plaintiff was employed.    When the case was here before, it was decided that the petition, as against the general and special demurrers thereto, set out a good cause of action under the act approved December 18, 1897 (Acts 1897, p. 30).    The judgment of the court below, sustaining the demurrers, was reversed.    110 *Ga.* 323.    When the case was called, in the lower court, for trial upon its merits, the plaintiff showed that one McKeown had contracted to build a house for Schweigert upon a certain lot of land owned by the latter.    The plaintiff made an agreement with the contractor, McKeown, to do certain work and furnish certain material to be used in the construction of the house.    Under this agreement plaintiff was to be paid $550 for his services and material.    Of this amount he had been paid $200, and had taken a promissory note of the contractor for the balance.    He completed his contract and had his claim of lien recorded, and, on May 12, 1898, served the owner with the written notice required by the statute.    He also proved that Schweigert had contracted to pay McKeown $4,210 for building the house,

and that only about $3,000 of this had ever been paid to McKeown. The owner of the realty showed that, by the terms of the contract for the construction of the house, the contractor was to complete it not later than January 1, 1898, and that there was a stipulation that for every day thereafter to the time when the house was actually completed the contractor was to pay him ten dollars as liquidated damages. Also that, some time prior to May 4, 1898, he had paid McKeown $3,023.32; that McKeown was unable to complete the house, because of the refusal of certain materialmen to extend him further credit; that on May 4, 1898, he and McKeown executed a contract or agreement of settlement, whereby McKeown surrendered the house, in its then condition, to Schweigert, and released the latter from the balance which would have been due had the contract of construction been completed, and whereby Schweigert, on his part, released McKeown from all obligation to complete the house or do any further work upon it and also from some $1,250 already due as liquidated damages for delay in the completion of the house. Schweigert also showed that the amount paid to McKeown was full compensation for the work done; that to have the house completed he had to pay to another contractor exactly the amount which would have been due McKeown had the latter finished the job according to contract; and that the stipulation for liquidated damages was reasonable and the damages not susceptible of exact computation. The judge directed a verdict for the plaintiff. Schweigert made a motion for a new trial, based on several grounds. The motion was sustained and a new trial granted on the sole ground that the verdict was contrary to the evidence, under which the judge was then of opinion that the plaintiff could not recover. The plaintiff excepted.

1. In the argument here request was made to review and overrule the decision made in this case when it was here before. We are clear that this could not be done, even if we were of opinion that the former decision was unsound. When a judgment is rendered in this court, it is binding, whether it be right or wrong, upon the parties as the law of the particular case. If, upon a hearing of the case or upon another trial, the same questions are raised, the first decision must control upon those questions. As to that case, they are res judicata.

2. If, however, upon the hearing or further trial, the facts are

materially different from those on which the first decision was based, of course that decision can not control; for it would not be applicable to new and different facts. See *Central R. Co.* v. *Smith*, 80 *Ga.* 526. If, in the present case, the evidence had shown a case substantially identical with that stated in the petition, the decision made upon the demurrer would be controlling here. But if the differences are material, that decision may be inapplicable, and, therefore, not controlling.

3. At the time of the trial the judge seems to have been of opinion that the decision of the case when it was here before was controlling, for he directed a verdict in favor of the plaintiff. When the motion for new trial came on to be heard, he arrived at a contrary conclusion, and decided that the case made out by the evidence was materially different from that alleged, and that the plaintiff could not recover. In this latter decision we concur. The petition alleged that, after the service upon Schweigert of the notice required by the statute, he had paid to McKeown money which he was notified to hold for the plaintiff. At the trial the plaintiff failed entirely to establish by evidence the allegation as to payments to the contractor after service of the notice. Nor did he prove that the owner was, at the time of the service of the notice, indebted in any amount to the contractor. The evidence disclosed without contradiction that the owner of the realty did not pay any amount whatever to the contractor after the service of the notice. It further showed that, at the time of such service, he did not owe the contractor a cent. The notice was given on May 12, 1898, while on May 4, 1898, the owner and the contractor had agreed in writing to a full settlement of all their claims against each other. From this writing and the other evidence it appears that the work done upon the house up to that time amounted to but about $3,000, and that the contractor had been paid that amount. It also appears that the contractor was unable to continue the construction of the house and could not complete his contract. In the original contract for the construction of the house there was a stipulation that if the contractor, at any time during the progress of the work, should "refuse or neglect to supply a sufficiency of material or of workmen or cause any unreasonable neglect or suspension of work, or fail or refuse to . . comply with any of the articles of agreement," the owner could enter and take possession of the premises, terminate the

contract, and complete the work. This stipulation further provided that if, after paying for the completion of the work, there was any balance remaining "on the amount of this contract," such balance should belong to the persons legally representing the contractor, but that the owner should not be accountable for the manner in which he had the work completed. The contract also stipulated that the house should be completed by January 1, 1898, and that if it was not finished by that time McKeown should pay ten dollars for each day thereafter until the completion of the house. Schweigert also showed that it cost him $1,180 to complete the house, and that McKeown at the time of the settlement owed him about $1,250 as liquidated damages for not having completed the house, estimating the damages at the stipulated rate of ten dollars per day. And this rate was shown by the evidence to be reasonable and proper and the result of an effort to fix the amount of damages which were of such nature as not to be exactly ascertainable.

The act of 1897 provides for the recording of liens and the giving of notice by materialmen or mechanics, but expressly declares that "in no event shall the lien attach for a sum greater than such balance as the owner may be indebted to the person having the contract at the time of the service of such notice." If, at the time of the service of the notice, the owner owed the contractor nothing, he would be liable for nothing. This notice is somewhat analogous to a summons of garnishment. If the garnishee is not caught with anything in his hands belonging to the defendant, and gets nothing before the time for answering, he should not be held liable. So, under the act of 1897, if the owner in good faith and before service of the notice pays the contractor all that is due, he can not be held liable. But, it may be argued, Schweigert had paid McKeown some $1,180 less than the full contract price, and owed him that amount. This is in a sense true, but it is also true that the house was not completed according to contract so as to make the $1,180 due, and, further than that, the contractor owed the owner $1,250 liquidated damages. The house was never completed by the contractor, but, under the terms of the contract, by the owner at a cost of $1,180. When the owner and the contractor made the agreement winding up and settling their contract relations and releasing each other, the owner releasing larger claims than he was released from, the owner was left with nothing in his hands belonging to

the contractor. The notice was served after this settlement had been made, and the owner can not be held liable in any amount to the plaintiff. This and similar statutes, enacted by the legislature for the benefit of laborers, mechanics and materialmen, operate harshly against the owner of the realty who wishes to improve his property, and, being in derogation of common law, must be construed strictly. Under the act of 1897, we can not hold that this owner, after his settlement with the contractor, was indebted in any amount to the latter. The plaintiff was, therefore, not entitled to recover, and the grant of a new trial was proper.

4. Where there are several grounds in a motion for new trial, and the judge grants a new trial, as in this case, upon certain specified grounds only, this is equivalent to overruling the other grounds. An exception to the grant of the new trial does not bring to this court any questions except those raised by the grounds upon which the new trial was granted. If the other party desires that the other grounds should be passed upon by this court, a cross-bill of exceptions should be sued out, complaining of the refusal to sustain them. For this reason we do not consider the remaining grounds of the motion for new trial. Indeed, whether we considered them or not, and whether they were with or without merit, the judgment in this case would necessarily be one of affirmance. We have shown above that it was proper for the judge to sustain those grounds of the motion upon which he based the grant of the new trial, and that the evidence did not warrant the verdict. It must follow that there was no error in the first grant of a new trial.

*Judgment affirmed. All the Justices concurring.*