## 5194.  WILLIAMS WAGON WORKS *v.* GUNN.

1. Where an owner of real estate, in violation of his written agreement, refuses to execute a lease conveying an estate for years, or to give possession, having the ability to fulfill the same, he is chargeable with full damages for the breach of the agreement. In such a case the usual measure of damages is the difference between the rent agreed to be paid and the actual rental value of the premises for the term for which it was agreed to be leased.

2. The evidence being in conflict, both in reference to the meaning of the written agreement to lease, which was ambiguous in its terms, and in reference to the value of the leasehold estate which the owner agreed to create, it was erroneous to direct a verdict in the defendant's favor.

3. In such a case the defendant is liable for any expenses incurred by the plaintiff which were naturally and proximately caused by the breach, but he is not liable for expenses which could not reasonably have been anticipated at the time the contract was entered into.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Houston county—Judge Riley. July 22, 1913.

*R. D. Feagin, O. C. Hancock,* for plaintiff.
*Will Gunn,* for defendant.

ROAN, J. The Williams Wagon Works brought suit against Frank Gunn for breach of a contract which was, as follows:

"Georgia, Bibb County. This agreement made and entered into between Frank Gunn, of the first part, and The Williams Wagon Works, of the second part, witnesseth, that the said Frank Gunn has agreed to build for the said party of the second part three-story building on the old jail lot on Fourth street in conformity with plan to be drawn and submitted by Curran R. Ellis, architect, the said party of the second part agreeing to lease said building upon its completion, for the term of five years, at one hundred and twenty-five dollars per month.

"Frank Gunn.
"The Williams Wagon Works, per R. A. Williams."

The plaintiff contended that this agreement was unconditional as to the erection of the building, but the defendant claimed that his compliance with the terms of the agreement was contingent upon the cost of erecting the building, and that if, when the plans were drawn therefor, it developed that the cost would be more than a certain sum, he was to be released from the contract. The defendant was unable to get the building erected for the sum he

claims was set as a limit, and refused to carry out the terms of the written agreement. The plaintiff sued for the difference between the rental agreed on ($125 per month) and $175 per month, for the full term of the lease, which latter price the plaintiff claimed would have been the true rental value of the property had the building been erected. Damages were also claimed by the plaintiff for expenses incurred in moving its shop, which the plaintiff alleged had resulted from the defendant's breach of the contract. The plaintiff attempted to prove this item of damages, but the court refused to allow it to do so. It was testified that the building which the defendant contracted to build for the plaintiff would have been worth for rent, in the market, $175 per month. After the evidence was closed, the defendant moved the court to direct a verdict in his favor, which the court did; whereupon the jury returned a verdict in favor of the defendant and against the plaintiff for costs of court. To the judgment directing the verdict the plaintiff excepts.

It was error for the court to direct a verdict in this case, as the evidence for the plaintiff clearly shows a prima facie case in its favor. This evidence showed that the defendant had violated his contract in not erecting and leasing to the plaintiff the building described in the written agreement. The usual measure of damages in such cases is the difference between the rental price agreed on and the actual rental value of the premises at the time of the breach; and there was evidence as to this difference. The case should have been submitted to the jury. 3 Sutherland on Damages (3d ed.), § 864, p. 2578; *Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58); *Shuman* v. *Smith*, 100 *Ga.* 415 (4), 418 (28 S. E. 448).

*Judgment reversed.*