17149. BLAYLOCK *et al. v.* WALKER COUNTY BANK.

BELL, J. The debtor of a bank deposited with another as bailee for hire a certain automobile and thereafter pledged with the bank the bailee's receipt therefor as collateral security for the debt. In the present

Appeal and Error, 3 C. J. p. 746, n. 16; p. 845, n. 75; p. 847, n. 89, 93, 94; p. 850, n. 24; 4 C. J. p. 761, n. 17; p. 1033, n. 37.

Evidence, 22 C. J. p. 181, n. 43; p. 573, n. 33, 34; p. 583, n. 23, 24; p. 584, n. 27.

New Trial, 29 Cyc. p. 851, n. 38.

Trial, 38 Cyc. p. 1693, n. 55.

action of trover by the bank against the bailee to recover the value of the property the verdict was in favor of the plaintiff. The defendant's motion for new trial having been overruled, the movant excepted.

1. The testimony of the plaintiff's cashier, "that the invoice price of . . [the automobile] was $1,730; that was what they were selling for; the dealers were paying wholesale prices," was not inadmissible upon the ground that the market value could not be shown by proving the invoice price, nor upon the ground that the witness was not shown to be an expert on the value of automobiles. While the cost of property may not be sufficient to establish its market value, it may be considered with other facts in determining value. *Watson* v. *Loughran*, 112 *Ga.* 837 (3) (38 S. E. 82). The witness presumably was testifying from his own knowledge. *Shaw* v. *Jones*, 133 *Ga.* 446 (3) (66 S. E. 240). It is not necessary that a witness be an expert or dealer in an article in order that he may testify as to its value, but his testimony will be admissible if he has had opportunity for forming a correct opinion. Civil Code (1910), § 5875.

2. One of the contentions made by the defendant was that the bailee's receipt had been fraudulently altered. The court in charging the jury as to this contention gave an instruction substantially in the language of section 4296 of the Civil Code (1910), including the last sentence thereof, as follows: "If the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." The defendant excepted to the portion of the charge thus quoted, upon the ground that, since the evidence disclosed that the alteration was made by the bailor, instructions upon the subject of alteration by a stranger were inapplicable, misleading, and prejudicial. The mere fact that the judge includes in his charge some legal principle inapplicable to the issues does not always require a reversal. In the present case it appears from the record as a whole that the defendant could not have been hurt by the charge complained of. *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814).

3. Special ground 8 of the motion for new trial, complaining that a certain charge of the court was error because it was confusing and misleading and not adapted to the issue in the case, fails to point out any error with sufficient certainty to invoke a decision by this court. *Wade* v. *Eason*, 31 *Ga. App.* 256 (1) (120 S. E. 440).

(*a*) In the absence of a timely written request the judge was not required to charge more fully than he did on the subject of estoppel.

4. As appears from the undisputed evidence in this case, the bailee had delivered the property to (and had thus satisfied) the bailor, although such delivery was not consented to by the plaintiff bank, which held and retained the bailee's receipt. The bailor's debt for which the receipt was held by the bank as collateral was less than the value of the property as found by the verdict in favor of the bank. Assuming, without deciding, that under these circumstances the defendant, by appropriate pleading and evidence, could have prevented a recovery by the bank of more than the amount of its debt against the bailor (*Brown* v. *West*, 35 *Ga. App.* 444 (133 S. E. 304); *Sheldon* v. *So. Express Co.*, 48 *Ga.* 626 (1)), the defendant having failed altogether to plead such defense, the judge of the trial court, whether he may have been author-

ized to do so, was not bound to grant a new trial merely because the evidence showed that the debt was less than the value of the property. Civil Code (1910), § 5636; *Morton* v. *Frick Co.*, 87 *Ga.* 230 (1) (13 S. E. 463); *Johnston* v. *Gulledge*, 115 *Ga.* 981 (3) (42 S. E. 354); *Republic Truck Sales Corp.* v. *Padgett*, 30 *Ga. App.* 474 (3) (118 S. E. 435); *Slack* v. *Elkins*, 10 *Ga. App.* 571 (2) (73 S. E. 862); *Liebling* v. *Tabb*, 30 *Ga. App.* 38 (2) (116 S. E. 666); *Kiser* v. *Westbrook*, 33 *Ga. App.* 208 (1) (125 S. E. 774).

5. The evidence authorized the verdict. The court did not err in refusing a new trial.

*Judgment affirmed.　Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 14, 1927.

Trover; from Walker superior court—Judge Maddox.　January 6, 1926.

*Norman Shattuck, S. W. Farriss Jr.,* for plaintiffs in error.

*Rosser & Shaw,* contra.