598

## 20034. WATKINS v. HAIGWOOD.

STEPHENS, J. 1. The measure of a tenant's damage for his eviction by the landlord before the expiration of the term is the difference between the value of the premises for the term and the amount agreed upon as rental. *Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58); *Williams Wagon Works* v. *Gunn*, 14 *Ga. App.* 158 (80 S. E. 668). It follows that where a tenant in possession of premises agreed with another to sublet to him the premises or to transfer to him the tenant's right under the lease, for a future term, but the tenant had no right to the term and therefore could not secure to his subtenant possession of the premises for the term, and where the tenant's lessor refused to rent the premises to the subtenant for the term for which the tenant had contracted with the subtenant, the subtenant's measure of damages for this breach of the contract by the tenant was the difference between the rental value of the premises for and during the term and the rent which the subtenant had contracted to pay to the tenant. The court did not err in admitting in evidence testimony to the effect that the rental value of the particular premises, and of premises in the community, had, after the beginning of the term which the subtenant had contracted for, definitely increased in value.

2. The mere fact that a tenant has no lease contract for a future term does not render invalid his agreement made with a subtenant to rent to the latter the premises for a future term.

3. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JUNE 13, 1930.

*W. J. Nunnally,* for plaintiff in error. *Porter & Mebane,* contra.