22850. EAVES *et al.* v. GEORGIAN COMPANY.

GUERRY, J. 1. While the municipal court of Atlanta has jurisdiction over actions for a larger amount than a justice's court, the procedure, so far as pleadings are concerned, does not differ from that of justice's courts. *Ladd Lime & Stone Co.* v. *Case,* 34 *Ga. App.* 190 (129 S. E. 6). The court did not err in overruling the demurrer to the suit as originally filed or as amended. There was enough to put the defendant on notice as to the character or nature of the plaintiff's demand. *Mayer* v. *Southern Express Co.,* 17 *Ga. App.* 744 (88 S. E. 403).

38

2. The court did not err in sustaining the objections to the testimony of various witnesses by which it was sought to show prior or contemporaneous collateral agreements with reference to the written contracts, the effect of the answers sought being to add to the terms of the writing. Civil Code (1910), § 5788; *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (6) (37 S. E. 485, 81 Am. St. R. 28). The written contract was not incomplete or ambiguous with respect to the matter concerning which the testimony was offered.

3. The court did not err in admitting the evidence introduced in proof of the account and contract sued on.

4. The defendant, having accepted the benefits arising under the contract, after discovery of its alleged breach by the plaintiff, and not having given notice of his intention to rely on its exact terms, but having continued to accept the benefits thereunder, may not recover for such alleged breach or failure to perform. Civil Code (1910), § 4227; *Greene County Oil Co.* v. *McCaw Mfg. Co.*, 9 *Ga. App.* 39 (70 S. E. 201); *Meredith* v. *Fay & Egan Co.*, 36 *Ga. App.* 506 (137 S. E. 409); *Kennesaw Guano Co.* v. *Miles*, 132 *Ga.* 763 (64 S. E. 1087). Courts will readily seize upon conduct or circumstances arising subsequently on the part of parties, to imply a waiver. *McDaniel* v. *Mallory Co.*, 6 *Ga. App.* 848 (66 S. E. 146).

5. The defendant failed to show injury or damage from any alleged breach of the written contract sued on, and, the evidence showing acquiescence of the defendant in the alleged departure from the terms of the contract, no issue for a jury to pass upon was made under the counter-action.

6. There was no conflict in the evidence, and that introduced with all reasonable deductions therefrom demanded a verdict for the plaintiff, and the court did not err in directing such a verdict. The overruling of the certiorari was not error.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 24, 1933.

*Mayhew Lambert, H. C. Holbrook,* for plaintiffs in error.
*Hewlett & Dennis, T. F. Bowden,* contra.