23868.   SOUTHERN RAILWAY COMPANY *v.* THACKER.

STEPHENS, J.   1. Where a railroad company constructs a fill or embankment which obstructs the natural drainage and flow of water from adjacent land belonging to another, and in order to prevent the water from backing upon the land the railroad company constructs a ditch or drain to carry off the water, the railroad company owes a duty to the owner of the land not to permit the ditch to fill up and become obstructed so as to turn the water back upon the adjacent land.   Where the ditch has become so obstructed as to turn the water back upon the adjacent land, the railroad company is under a duty to clean out the ditch so as to enable it to carry off the water and not to pond the water and back it up upon the adjacent land.   In a suit by the adjacent landowner against the railroad company to recover for damage to the plaintiff's land, alleged to have been caused by the failure of the defendant to clean out the ditch which it had constructed to carry off the water from the plaintiff's land, thereby causing water to go upon the plaintiff's land and wash a portion of it into gullies and thereby render it entirely worthless, and to cause water to pond during the spring months from year to year over another portion of the land and thereby render it worthless for agricultural purposes, to the damage of the plaintiff in the decrease of the yearly rental value of the land and in a decreased market value of the land, the petition set out a cause of action for damages, not from the construction of the embankment, but from the failure of the defendant to keep the ditch cleaned out and unobstructed, to the damage of the plaintiff in a permanent impairment of the value of the plaintiff's land.   The petition, therefore, was not subject to demurrer upon the ground that it failed to allege a duty upon the defendant to keep the ditch clean, or that it failed to allege any permanent damage to the land as a result of this failure. It is immaterial when the railroad embankment or fill was constructed or when the ditch was constructed or whether it was constructed prior to plaintiff's acquiring title to the property.   It being alleged in the petition that during designated years, viz., 1929, 1930, and 1931, the defendant failed to clean out the ditch so as to enable it to carry the water off from the land of the plaintiff, to the plaintiff's damage, the petition, properly construed, alleged that when the defendant failed to clean out the ditch the plaintiff was the owner of the land, and the petition is not subject to demurrer upon the ground that it did not appear whether the ditch or drain was obstructed or whether it was not being kept open when the plaintiff acquired title to the property.   The petition as amended set out a cause of action, and was not subject to demurrer.
2.   Whether or not any notice was required from the plaintiff to the defendant before filing suit, the admission in evidence of a notice of the damage

to the plaintiff's land by the plaintiff, to the claim agent of the defendant railroad company, assuming that the notice was irrelevant and immaterial because the agent was not an agent of the company with the duty to receive such notice for and in behalf of the company, was not harmful to the defendant.

3. Where a witness testifies that he is acquainted with the value of land, he may testify as to its value, without giving any data as the basis for his conclusion. Where a witness testified as to the damage to a thirty-acre field from having been washed by water turned upon it, and that while only about an eighth of the field had washed, the market value per acre of the entire field had, as a result of the washing, decreased in value in a designated manner, the testimony was not subject to the objection that the witness failed to give sufficient data respecting the damage to the particular acreage that was washed, as the basis for his conclusion, and the evidence was not subject to the objection that the witness's testimony was not confined to the value of the particular portion of the land that had been affected by the water, and it was not error to permit the witness to testify as to the depreciation in the value of the entire field as a result of the washing.

4. The testimony of a witness that "three quarters of the damage" to the land was done during the years 1929, 1930, and 1931, and that his reason for this estimate was that there was not very much damage done from the water in 1928, but that in the years 1929, 1930, and 1931 "it continued to get bigger and wider and carrying off more soil, and more water was going through," was not subject to the objection that it was a mere conclusion without any facts upon which to base the conclusion.

5. The court clearly instructed the jury several times that there could be no recovery for any damage from the water which had accrued more than four years previous to the filing of the suit; and the charge is nowhere subject to the objection that it instructed the jury that the plaintiff could recover damages occasioned more than four years prior to the filing of the suit.

6. A charge that if the jury should find for the plaintiff, the measure of damage would be the damage occasioned by the acts of the defendant complained of within the four years immediately prior to the bringing of the suit, states a correct and complete rule of law, and is not subject to the objection that it was error in that the court did not instruct the jury more specifically as to the measure of damages.

7. An exception to the failure of the court to instruct the jury specifically as to the measure of damages, where it does not state the true rule as to the measure of damages, is insufficient and presents nothing for consideration. *Central of Georgia Ry. Co.* v. *Dumas,* 44 *Ga. App.* 152 (17) 156 (160 S. E. 814).

8. Since it clearly appears from the petition that the plaintiff sought to recover damages arising only from the failure of the defendant railroad company to keep the ditch cleaned out and unobstructed, and the court in its charge confined the jury to the plaintiff's right to recover damages for the failure of the defendant to keep the ditch unobstructed and cleaned out, it was not prejudicial to the defendant for the court to fail to charge, as requested in writing, that the plaintiff could not recover for

any damage which may have been caused solely by the embankment which the railroad company had erected.

9. The court did not err in failing to charge specifically, as requested in writing, that if any portion of the damage accrued as a result of the defendant's negligence within four years prior to the filing of the suit, the burden would be on the plaintiff to produce competent and satisfactory evidence as to the extent of the damage, and that upon the plaintiff's failure to do so a verdict should be found for the defendant, where the court elsewhere in the charge instructed the jury that the plaintiff could recover only for damage which accrued within four years previous to the filing of the suit, and also instructed the jury that the burden was upon the plaintiff to show that the defendant had injured and damaged her in the way and manner alleged, and to prove this by preponderance of the evidence before she would be entitled to recover.

10. The evidence contained sufficient data to authorize the jury to determine what damage was suffered by the plaintiff as a result of the alleged acts of the defendant within four years prior to the filing of the suit, and as to the amount of the damage; and, the jury having viewed the premises, the verdict and judgment for the plaintiff in the sum of $620 was authorized.

11. No error appears.

*Judgment affirmed.* *Sutton, J., concurs.* *Jenkins, P. J., dissents.*

DECIDED MARCH 2, 1935.

*Oliver R. Hardin, Sapp & Maddox, Maddox, Matthews & Owens,* for plaintiff in error.

*Mitchell & Mitchell,* contra.