25959. BARNES *v.* KITTRELL.

Decided February 27, 1937.

*Beck, Goodrich & Beck,* for plaintiff in error.

*Maddox & Fulral,* contra.

SUTTON, J. The plaintiff brought suit for damages on account of injuries alleged to have been sustained from the negligent operation of an automobile by the defendant. The jury returned a verdict in favor of the plaintiff. The defendant moved for new trial on the general grounds, and by an amendment added two special grounds, (a) that the court failed to charge the jury as to the measure of damages except as to pain and suffering, and (b) that the court erred in charging the jury that "if both were negligent, and the negligence of the defendant exceeded the negligence of the plaintiff, then it would become your duty to apportion any damages that you might award to the plaintiff in accordance with what you find to be the degree of fault or negligence attributable to the plaintiff as compared with the fault or negligence that you find attributable to the defendant," instead of stating to the jury that in the circumstances named the damages found to have resulted should be diminished by the amount attributable to the plaintiff's default. The court overruled the motion, and the defendant excepted. Error is assigned only on the two special ground of the motion for new trial.

■ While counsel for plaintiff in error state in their brief that "The only issues of law involved are raised by the amended motion for a new trial, which contains only two grounds," still they say in another portion of their brief that the general grounds of the original motion are equivalent to alleging that the verdict was excessive. It was decided in *Central of Georgia Railway Co.* v. *Berry,* 114 *Ga.* 274 (40 S. E. 290), where the record in that case shows that there was no specific ground in the motion for new trial that the damages were excessive, although the motion did contain the general grounds, that the motion did not contain a ground that the damages were excessive. Moreover, this court, under the pleadings and the evidence, can not say as a matter of law that the damages were excessive.

■ The exception to the failure of the court to charge in detail as to the measure of damages is without merit, it being shown by the record that the court charged the jury in the language of

the Code, § 105-2001: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances are strong, nominal damages only are given." This was sufficient, in the absence of a special request to charge more fully on the subject. *Seaboard Air-Line Railway* v. *Bishop,* 132 *Ga.* 37 (63 S. E. 785); *L. & N. R. Co.* v. *Trout,* 141 *Ga.* 121 (2) (80 S. E. 622); *Southern Grocery Stores Inc.* v. *Cain,* 50 *Ga. App.* 629 (5) (179 S. E. 128).

■ The charge of the court that "If both were negligent, and the negligence of the defendant exceeded the negligence of the plaintiff, then it would become your duty to apportion any damages that you might award to the plaintiff in accordance with what you find to be the degree of fault or negligence attributable to the plaintiff as compared with the fault or negligence that you find attributable to the defendant" can not be said to have been confusing or misleading to the jury. The rule here involved has often been referred to by the courts as "apportionment of damages." Cf. *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409, 433; *Central of Georgia Railway Co.* v. *Hill,* 21 *Ga. App.* 231, 233 (94 S. E. 50).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*