33162. McFARLAND *v.* BRADLEY.

DECIDED JULY 14, 1950.

*Marvin G. Russell, Turner Paschal,* for plaintiff in error.
*Edgar A. Neely Jr., Neely, Marshall & Greene,* contra.

GARDNER, J. ■ Issues of fact arising at the trial are for the decision of the jury under proper instructions from the court. All the contentions of the plaintiff under the general grounds resolve themselves into issues of fact only, and this court is without authority to overrule, on the general grounds, a verdict supported by some evidence and approved by the trial judge, even though the evidence would have authorized the jury to have found a contrary verdict.

■ Special ground 1 of the amended motion for a new trial assigns error as follows: "Because the court erred in charging the jury as to the duty of a bailee to protect property from being stolen. Movant avers that said charge was misleading, prejudicial, not applicable to the evidence adduced upon the trial of the case, and tended to give the jury the impression that the automobile in question had been stolen. Movant shows that the court charged as follows: 'The duty is not deferred or postponed until such time as the bailee discovers there are thieves in the car about to get away with it. There is a duty on the parking lot [attendants] to keep a watch over all cars in such manner that a small number of employees can with reasonable safety keep the cars from being stolen.'

"Movant contends that said charge was not applicable to the issues as raised by the evidence; was, therefore, improper, prejudicial, misleading and harmful to movant."

Counsel for the defendant contend that this ground is incomplete for various reasons and presents no question for consideration by this court. One reason urged is that, though error is assigned on the excerpt quoted as being unauthorized by the evidence, none of the evidence is set out in the ground or attached as an exhibit thereto. With this reasoning we agree. See *Georgia-Florida Motor Lines Inc.* v. *Slocumb,* 45 *Ga. App.* 204 (164 S. E. 166). But considering this assignment of error on the merits, let us fit this excerpt into the charge as a whole. After defining a bailment and giving the rule as to the burden of proof being on the bailee, after proof of loss, to show proper diligence, the court charged: "The duty upon the bailee to exercise care and diligence in protecting and keeping safely the thing bailed begins with the delivery of the property to the bailee and continues until the object of the bailment has been carried out in conformity with the purpose of the trust. The duty is not deferred or postponed until such time as the bailee discovers that there are thieves in the car about to get away with it. There is a duty on the parking lot [attendants] to keep a watch over all cars in the lot at all hours or have the lot enclosed in such a manner that a small number of employees can, with reasonable safety, keep the cars from being stolen, or require any other safety measure they might see fit to protect the prop-

■

erty, and it will be a question for you to say whether they used proper care in the protection of this property. If they used proper care in the protection of this property, then they would be discharged from any liability." The judge further charged: "I do not express an opinion for or against either of these parties. I submit the entire matter as a question of fact for you to pass upon—first of all, for you to say whether or not there was a bailment and a loss; and second, if you should find there was a bailment and a loss, whether or not the defendant in the case used proper care and diligence under the instructions I have given you." Thus viewed in its context, and considered in the light of the charge as a whole, this excerpt can hardly be construed as giving the jury "the impression [that the judge was intimating an opinion] that the automobile in question had been stolen," and were we ruling on this assignment, we do not think that it would show error.

Special ground 2 assigns error as follows: "Because the court erred in charging the jury as to the measure of damages awarded in cases of this kind. The court charged as follows: 'The measure of damages in cases of this kind is the reasonable value of the property at the time the loss occurred.'

"Movant contends that said charge was misleading and tended to give the jury the impression that they could find for an amount they thought reasonable without limiting and instructing them to the legal and correct measure of damages, as by law provided.

"Movant further contends that said charge as given was improper and misleading and failed to instruct the jury as to the proper manner of arriving at the damages in the case in the event they found for the plaintiff." This ground is not complete and can not be considered by this court. It is not clear from the ground alone what counsel contend the court should have charged. The contention is made in their brief that the court should have charged "the market value at the time of loss" as the correct measure of damages. In this connection see *Sapp* v. *Howe*, 79 *Ga. App.* 1 (2) (52 S. E. 2d, 571); *Koplin* v. *Shartle Machine Co.*, 150 *Ga.* 509, 512 (104 S. E. 217). See also *Stembridge* v. *State*, ante, p. 214.

Counsel for the plaintiff contend in their brief that the

verdict is excessive. The general grounds of a motion for a new trial do not raise the question of excessiveness of a verdict, and where there is no specific ground in the motion that the verdict is excessive, the question is not before this court. See *Central of Ga. Ry. Co.* v. *Berry*, 114 *Ga.* 274 (40 S. E. 290); *Barnes* v. *Kittrell*, 55 *Ga. App.* 319 (190 S. E. 39).

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*