37762, 37776.   SELMAN *v.* MANIS; and *vice versa.*

DECIDED SEPTEMBER 28, 1959—REHEARING DENIED
OCTOBER 16, 1959.

424

*James Maddox,* for plaintiff in error.

*Covington, Kilpatrick & Storey, Clower & Anderson,* contra.

QUILLIAN, Judge. ■ The cross-bill of exceptions contains one assignment of error phrased as follows: "To that part of the judge's order which, in effect, failed to grant a new trial based upon the original grounds of the motion for a new trial, (plaintiff, now defendant in error) then and there excepted and here and now excepts and assigns the same as error on the

grounds that there was no evidence whatsoever upon which to base a verdict in the amount of only $945 in that the defendant himself, James C. Selman, expressly testified that the rental contract with the plaintiff was for a continual rental of $3,500 per year, beginning January 1, 1955; that defendant (now plaintiff in error) lived upon said rented premises until March 8, 1958, and that during the time that he was upon the rented premises he paid a total of only $3,355, whereas rent in the total amount of $11,083.30 minimum have accrued during said period, leaving a balance due, or a total balance due of $7,728.32, less any amount that the jury might have seen fit to have deducted therefrom for the reasonable rental value of the T. W. Manis house and garden, the highest reasonable rental figure about which any witness testified was $75 per month, or for a total rental of 38 months a total figure of $2,850 which, when subtracted from the $7,728.32 would leave a net balance of $4,878.32 a figure more than four times in excess of the amount awarded by the jury."

The record discloses that the only defense interposed by the defendant was not that the rental price of the premises was not $4,500 but $3,500 per annum, but that the defendant sought to recoup against the rental price of the premises various items of damages that he contended accrued to him by reason of plaintiff's breaches of the rental contract.

The grant of a new trial on grounds specified in the judge's order in effect overrules others not passed on, which omission on the part of the trial judge may be assigned as error in a cross-bill of exceptions filed by the movants. *Allen* v. *Schweigert*, 113 *Ga.* 69 (38 S. E. 397); *Nicholas* v. *Tanner*, 117 *Ga.* 223 (1) (43 S .E. 489).

There is no question that a plaintiff may move for a new trial on the ground that a verdict in his favor is for a smaller amount than that demanded by the evidence. *Hankin Music Co.* v. *Deaton*, 62 *Ga. App.* 599 (9 S. E. 2d 121).

There is, however, authority for the view that a plaintiff who moves for a new trial because the verdict is for a smaller amount than he is entitled to recover, must raise the point in a special ground of the motion for new trial, in which the precise reasons

for the validity of the contention must be specially pointed out. *Brown* v. *City of Atlanta*, 66 *Ga.* 71 (1) holds: "The onus is upon the plaintiff in error to show error which injured him. Where the verdict was for the plaintiff in the court below, and he excepted because it was too small, it devolved upon him to show some error which could have affected the amount of such verdict."

In this case there was not a special ground of the motion for new trial complaining of the inadequacy of the verdict. The astute counsel for the plaintiff undertook to remedy this deficiency in the motion for new trial by the special assignment of error contained in the cross-bill of exceptions. The distinction between general and special exceptions is found in *Ansley* v. *Atlantic Coast Line R. Co.*, 86 *Ga. App.* 152 (71 S. E. 2d 434), that a general assignment alleges, without specifically designating the reason for the conclusion that the verdict is contrary to law or without evidence to support it, while a special assignment of error points out the reasons for the assertion that the verdict is contrary to law or not supported by evidence. According to *Shipley* v. *Eiswald*, 54 *Ga.* 520 (1), the question of the size of the verdict not having been properly raised by motion for new trial, can not be brought to this court's attention by bill of exceptions. Similar holdings are found in *Barnes* v. *Kittrell*, 55 *Ga. App.* 319 (190 S. E. 39); *McFarland* v. *Bradley*, 82 *Ga. App.* 223 (60 S. E. 2d 498).

The ruling of the *Shipley* case is the general rule that the appellate courts are, except as to matters of appellate procedure, without jurisdiction to pass upon a question concerning which the ruling of the trial court was not invoked. *American Grocery Co.* v. *Kennedy*, 100 *Ga.* 462, 465 (28 S. E. 241); *Barham* v. *Weems*, 129 *Ga.* 704 (3) (59 S. E. 803).

The holding of *Brown* v. *City of Atlanta*, 66 *Ga.* 71, supra, that the inadequacy of the verdict must be raised by a special ground of amended motion for new trial is applicable where the plaintiff sued on an unliquidated demand or upon a liquidated demand, and the defendant by way of set-off or recoupment asserts the right to have deductions made from the amount of the plaintiff's liquidated demand or unliquidated demand. For

instance where the plaintiff sues for damages on account of a personal injury, or where the plaintiff sues for an amount fixed by a contract entered into with the defendant and the defendant pleads recoupment of unliquidated damages that he claimed to have sustained by reason of breach or failure to abide by the contract, the plaintiff, if he complains at all, that the verdict is for less than he is entitled to recover, must present the question by a special ground of a motion for new trial.

We recognize that there are cases in which the amount of the plaintiff's recovery may be subject to exact computation and in such cases the excessiveness or inadequacy of the verdict is held in some cases to have been properly presented by a general ground of motion for new trial. *State Highway Board* v. *Warthen,* 54 *Ga. App.* 759 (189 S. E. 76); *Reserve Life Ins. Co.* v. *Gay,* 96 *Ga. App.* 601 (101 S. E. 2d 158). The cases mentioned have no application to this case, for here, while the plaintiff sought recovery of an amount fixed by a rental contract, the defendant submitted proof of unliquidated damages that he contended accrued by reason of the plaintiff's breach of the contract.

It is well to observe that the only defense pleaded was that the rent claimed in the distress warrant was not due. Under this allegation the law permits the defendant to prove any facts that show that the plaintiff is not entitled to the whole or some part of the amount of rent claimed. *Speed Oil Co.* v. *Aldredge,* 192 *Ga.* 285 (2) (15 S. E. 2d 214).

The exception contained in the bill of exceptions does not show error because the evidence authorized, though it did not demand, the finding that the plaintiff breached the rental contract and caused the defendant the damages he claimed. These damages in aggregate amount could when allowed as recoupment have reduced the amount of the plaintiff's recovery to the amount found by the jury.

There is no merit in the cross-bill of exceptions.

■ Ground 2 of the amended motion for new trial complains that the defendant was permitted to testify: "As to what I would say the reasonable rental value of that farm up there without the use of the main house, without the use of this

house that William Manis lived in, and without this pasture, just what would be the reasonable rental less the home Mr. Manis occupied and the home William Manis occupied, I don't think it was worth over fifteen hundred dollars. Fifteen hundred dollars a year." The objection interposed to the evidence was that there was no issue in the case except that of whether the agreed rental price was $4,500 per annum as contended by the plaintiff or $3,500 insisted upon by the defendant and that "William Manis home had no part in it." The grounds shows no error because there were other vital issues in the case.

There was an issue as to whether the plaintiff made the house referred to in the objection as the William Manis house open to the defendant's entry. The defendant's evidence amply supported his contention that the plaintiff did not make the possession of the house available to him.

■ Special grounds 3 through 9 of the amended motion for new trial complain that nonexpert witnesses were permitted to give testimony as to their opinion concerning the rental value of the farm occupied by the defendant as to the plaintiff's tenant. The estimates made by the witnesses excluded the rental value of a certain large house, a small tenant house and a garden, which the defendant contended and testified were parts of the rented premises from the occupancy of which he was excluded by the plaintiff in violation of the terms of the rental contract.

The objection interposed in each instance was: "Your Honor, we object to that on the ground that it is not proper and competent evidence. In view of the uncontradicted testimony in this case with reference to the contract, that is, that there was an agreed rental of either four thousand ($4,000) dollars a year or thirty-five hundred ($3,500) dollars a year, according to whether the jury believes what was said by the plaintiff's witnesses or what was said by the defendant. Consequently, what the reasonable rental value of the property was is not involved in the case."

The testimony of some of the witnesses was objected to on the ground that they did not qualify as experts. It was not necessary for these witnesses to be experts, since they professed to know the location of, and size of the farm, and its desirability

for the purpose it was rented. *Blaylock* v. *Walker County Bank*, 36 *Ga. App.* 377, 378 (1) (136 S. E. 924). Not all of the witnesses testified to all of the facts, but each of them gave facts upon which he based his testimony. *Southern Ry. Co.* v. *Thacker*, 50 *Ga. App.* 706, 707 (3) (179 S. E. 225) holds: "Where a witness testifies that he is acquainted with the value of land, he may testify as to its value, without giving any data as the basis for his conclusion. Where a witness testified as to the damage to a thirty acre field from having been washed by water turned upon it, and that while only about an eighth of the field had washed, the market value per acre of the entire field had, as a result of the washing, decreased in value in a designated manner, the testimony was not subject to the objection that the witness failed to give sufficient data respecting the damage to the particular acreage that was washed, as the basis for his conclusion, and the evidence was not subject to the objection that the witness's testimony was not confined to the value of the particular portion of the land that had been affected by the water, and it was not error to permit the witness to testify as to the depreciation in the value of the entire field as a result of the washing."

The quoted objection made to the evidence should have been overruled, because the assumption was that the only issue in the case was the rented price of the premises as fixed by the agreement of the parties. As stated there was a clear cut issue as to whether the plaintiff breached the rental contract by excluding the defendant from parts of the rented premises, in failing to furnish him all of the equipment required by the terms of the contract, or other equipment in the condition therein stipulated.

On proof of these defenses that could be appropriately raised by the simple denial of the defendant's counter-affidavit that the amount of rent claimed in the distress warrant was not due (*Speed Oil Co.* v. *Aldredge*, 192 *Ga.* 285, supra; *Hawkins* v. *Collier*, 101 *Ga.* 145 (2), 28 S. E. 632; *Johnston* v. *Patterson*, 91 *Ga.* 531, 537, 18 S. E. 350), the amount of the plaintiff's recovery might be fixed by the jury at the rental value they placed on the rented premises, without the benefits of which the

plaintiff's breach of the contract deprived the defendant, and the amount of rent the evidence showed the defendant had paid. *Williams Wagon Works* v. *Gunn*, 14 *Ga. App.* 158 (80 S. E. 668) ; *Watkins* v. *Haigwood*, 41 *Ga. App.* 598 (1) (153 S. E. 609) ; *Mashburn Drug Co.* v. *Valdosta Drug Co.*, 53 *Ga. App.* 88, 89 (2) (184 S. E. 903).

Moreover, the plaintiff submitted similar evidence to that which these grounds complain was admissible over his objection. For this additional reason the grounds showed no error. *Sechler* v. *State*, 90 *Ga. App.* 700, 705 (83 S. E. 2d 847) ; *Jordan* v. *Hancock*, 91 *Ga. App.* 467 (86 S. E. 2d 11).

■ Ground 10 of the amended motion complains of the judge's refusal of the movant's written request to charge the jury: "Should you find, gentlemen of the jury, that there was a contract in this case between the parties, and that the defendant accepted the benefits arising under the contract after discovery of its alleged breach by the plaintiff and not having given notice to the plaintiff of his intention to rely on its exact terms, continued to accept the benefits thereunder, the defendant may not recover for such alleged breach or failure to perform on the part of the plaintiff." The language of the request is taken from *Eaves* v. *Georgian Co.*, 47 *Ga. App.* 37, 38 (4) (169 E. 519). The language of the pronouncement embodied in the requested charge was applicable to the facts of the *Eaves* case, and similar cases, where the parties depart from the terms of the contract, by refraining from giving notice of his intention to require strict compliance with the contract gains an advantage or derives some benefit.

. Neither the pronouncement of the *Eaves* case nor the requested charge is applicable where it does not appear from the record that there was a mutual intention of the parties to depart from the terms of the contract (*Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (4), 58 S. E. 200), and where the party against whose interest the breach of the contract operates does not assent or acquiesce in the departure from the terms of the agreement, or obtains any advantage or benefits from a failure to notify the opposite party that he will require strict

performance of the contract. This is true even though he continues to enjoy the benefits or fruits of the contract that were prior to and subsequent to its breach by the opposite party accrued to him under the plain provisions of the contract. *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100). The ground shows no error.

■ Ground 11 of the amended motion for new trial assigns as error the judge's charge to the jury: "While on the other hand, gentlemen, if you should find that the plaintiff had breached his contract with the defendant, you will then look to the evidence and determine what the reasonable rental value of the property was, and return a verdict for the plaintiff in whatever amount you find to be the reasonable rental value of the property without interest, giving to the defendant credit for any amount you find to have been paid by him on the contract." The exception to the charge asserts that it is incorrect as an abstract principle of law. The point is not well taken. The charge is a correct statement. Our first impression was that the charge in effect instructed the jury that the plaintiff's breach of the rental contract would entitle the defendant to damages to be recouped against the rental price of the rented premises, whereas, under the law, the defendant was not entitled to damages unless it further appeared from the evidence that the plaintiff's failure to carry out the contract was the proximate cause of damages to the defendant. It is axiomatic that the elements of a right to recover for breach of contract are the breach and the damages to the party who has a right to complain of the contract being broken. However, a more thorough analysis of the criticised charge reveals that it does not instruct the jury that the breach of the contract by the plaintiff necessarily carried with it the right of the defendant to recover damages by way of set-off, but that if they found the plaintiff had breached the contract the measure of his recovery was the fair rental value of the rented premises instead of the contract price of the same.

Ordinarily the landlord is entitled to recover on the basis of the rental fixed by the contract when he faithfully abides by the terms of the contract. We recognize that the breach of a

contractual obligation does not always result in damage to the obligee, and conceivably a rental contract may be broken by the landlord and no damage be caused the tenant. But under the undisputed evidence in this case the several breaches of the rental contract, if they were committed as the defendant tenant's proof showed, did cause damage to flow to the defendant and reduced the rental value of the premises below the contract price of the same. The evidence was ample for this purpose, many witnesses giving evidence as to the rental value of the property, minus the parts of the premises of which the defendant was, according to his evidence, deprived.

■ Ground 12 of the amended motion for new trial excepts to the same charge as that we discuss in the preceeding paragraph, but not for the reasons assigned in the 11th ground, nor any other valid reason. Ground 12 shows no error.

*Judgment reversed on the main bill of exceptions and affirmed on the cross-bill of exceptions. Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

The motion for new trial in this case was acted on subsequent to the enactment of the act of 1959 (Ga. L. 1959, p. 353; Code, Ann., § 6-1608) and such act is therefore applicable in the case sub judice.